## D. C. Newton et al. v. Mary Newton.

### No. 6516.

1.  **Competency of Witness—Suit by Legatee.**—The exception in article 2248, Revised Statutes, naming "all actions by or against the *heirs or legal representatives* of a decedent arising out of any transaction with such decedent," etc., does not include "legatees or devisees." In a suit by an heir or devisee the parties may testify without restriction.

2.  **Wife's Competency as Witness.**—Where the husband is incompetent by reason of interest to testify, the wife also will be where the suit affects the community interest of the husband and wife.

3.  **Consideration.**—Under our statute all written instruments import a consideration. Rev. Stats., art. 4438.

4.  **Impeaching Consideration.**—The consideration of written instruments can only be impeached by sworn plea. Rev. Stats., art. 1265. Such plea only admits evidence attacking the consideration. The plea does not cast the burden of proving consideration upon the plaintiff.

5.  **Failure of Consideration.**—See testimony incompetent to negative the consideration of a note sued upon, being an effort to alter the note by parol evidence.

Appeal from Guadalupe. Tried below before Hon. Geo. McCormick. The opinion gives a statement.

*J. A. & N. O. Green,* for appellants. —1. The statute (arts. 2246, 2247) is general, admitting testimony of all persons regardless of their interest in the suit, and the exceptions in article 2248 must be strictly construed. Tyson v. Butler, 6 Texas, 223, 224; Roberts v. Yarboro, 41 Texas, 451, 452; Markham v. Carothers, 47 Texas, 25, 26; Laughter v. Seela, 59 Texas, 186.

2. Unless it is shown that the wife had an interest in the matter in controversy, or that the husband was possessed of community property, which must be affirmatively shown, the rule in Simpson v. Brotherton, 62 Texas, 170, will not apply. Potter's Dwar., chap. 5; Potter's Dwar. on Stats., p. 119, note 12; The State v. Clayton, 43 Texas, 410; 5 Texas Ct. App., secs. 263, 306.

3. The court erred in its general charge wherein the jury were instructed "That a promissory note such as the one in evidence imports a valuable consideration, and that it devolves upon a party asserting a failure of consideration to prove it or to prove that the consideration for which said note was given has failed. If this has not been done by the defendants in this case, you will find for the plaintiff."

(1) It was not applicable to the pleadings and the evidence and had the tendency of misleading the jury. Smith v. Montes, 11 Texas, 25; Austin v. Talk, 20 Texas, 167; Payne v. Francis, 37 Texas, 75; Cook v. Dennis, 61 Texas, 248; Hudson v. Morris, 55 Texas, 610, 611; Railway v. Rider, 62 Texas, 270.

(2) It was on the weight of the evidence. Heldt v. Webster, 60 Texas, 209; Short v. Price, 17 Texas, 403.

(3) The note not expressing any consideration, and otherwise bearing internal evidence that there was no valuable consideration for its execution, the sworn plea of the defendant below impeaching the consideration threw the burden of proof of consideration on the plaintiff as at common law upon unsealed instruments. 1 Pars. on Con., 6 ed., 432, note t; 3 Pars. on Con., p. 356, note r; Short v. Price, 17 Texas, 403.

*W. M. Rust,* for appellee — 1. The rule of the common law that statutes in derogation thereof shall be strictly construed has no application to the Revised Statutes, but the said statutes shall declare the law of this Stae respecting the subjects to which they relate, and the provisions thereof shall be liberally construed, with a view to effect their objects and to promote justice. Rev. Stats., p. 718, sec. 3; Simpson v. Brotherton, 62 Texas, 171.

2. Our courts treat the relation of husband and wife toward the community property as that of a partnership. The business of the firm is transacted in the name of the husband, and he prosecutes and defends its suits with the same effect as if his partner were named in the case. Judgments in such suits bind both partners or enure to their joint benefit if in their favor. In fact, the wife is as much a party as if the record recited that the husband instituted or defended the suit for the use and benefit of himself and wife. Having all the attributes of a party, she must be treated as such, and must be excluded from testifying whenever her husband and partner could not be admitted to the witness stand. Simpson v. Brotherton, 62 Texas, 170; Gilder v. Brenham, 67 Texas, 345; Gee v. Scott, 48 Texas, 510; Lucas v. Brooks, 18 Wall., 452; W. & W. Cond. Cases, sec. 100.

3.   A promissory note imports a valuable consideration, and no proof of consideration is necessary.   Rev. Stats., art. 4488; Jones v. Holliday, 11 Texas, 412; Harris v. Cato, 26 Texas, 338; Newton v. Newton, 61 Texas, 511; Story on Prom. Notes, sec. 181.

4.   The only effect or office of a sworn plea setting up that a note sued upon was without consideration or that the consideration has failed is to place the defendant in a position where he can make any proof at all. Rev. Stats., art. 1265, subdiv. 10.

5.   Where a defendant admits the execution of a note and denies under oath that there was a consideration, and if there was that it has failed, the defendant assumes the burden of proving that fact; and the general rule is that the burden of proof "remains on a party offering a fact in support of his case, and does not change in any aspect of the case, though the weight of evidence may shift from side to side according to the nature and strength of the proof offered in support or denial of the main fact to be established."   Bridge Co. v. Butler, 2 Gray, 132; Blanchard v. Young, 11 Cush., 345; Spaulding v. Hood, 8 Cush., 605; Powers v. Russell, 13 Pick., 77.

GAINES, ASSOCIATE JUSTICE. — The cause of action in this case is a promissory note executed by appellants to their father James Newton. James Newton died, having devised and bequeathed all of his property to his second wife Mary Newton, who was also the stepmother of appellants.   She brought the suit on the note as legatee under her husband's will.

The defendants pleaded a want of consideration.   They averred, in substance, that their father having divided among them a large portion of his property, became apprehensive that he had not reserved enough for his own wants, and applied to them to execute the note sued on for the purpose of contributing to his support if necessary, and that by reason of such request they executed the note without any other consideration whatever.

In order to maintain their defense the defendants offered to prove by the wife of one of them conversations between James Newton and her husband during the lifetime of the former which tended to show that the averments in the answer were true.   The testimony was objected to by the plaintiff and was excluded by the court. ˙ We think this was error.

It is urged by the appellant that the witness was not a party to the suit and had no interest in its result, and was therefore competent to testify as to the facts offered to be proved.   This ground is not tenable.   A judgment against her husband in the suit would have been in effect a judgment against the community property, in which she had a half interest. As in the case of Simpson v. Brotherton, 62 Texas, 170, she was a real though not a nominal party to the suit.   But the question arises whether

the capacity in which the plaintiff sues is such as to preclude any party from testifying to statements by or transactions with her husband in his lifetime.

Article 2246 of the Revised Statutes removed the bar of the common law which excluded parties from testifying in their own cases. To the rule so established article 2248 makes certain exceptions. That article reads as follows: "In actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." The latter provision as to heirs and legal representatives was not contained in the original act. Pasch. Dig., art. 6827.

Construing the first statute this court has held that the exceptions could not be extended by implication to a class of persons not named, although the reason for embracing them was equally as strong as those which existed for including the persons expressly designated. Roberts v. Yarboro, 41 Texas, 451; Markham v. Carothers, 47 Texas, 25.

The previous decisions construing the statute doubtless led to the addition which was incorporated in the Revised Statutes, and it is to be presumed that in extending the exceptions it was intended to name expressly every class of persons who were to be embraced within them, and to leave nothing to implication. The question then is, can the words "heirs or legal representatives" be construed to mean devisees or legatees? A legatee is not in legal signification an heir; nor do we think that devisees and legatees are embraced in the terms "legal representatives." Executors and administrators, and if there be neither, the heirs, are the legal representatives of a deceased person. So when a community estate is being administered under the statute by the surviving husband or wife such survivor is the legal representative of the deceased as to the community property. But we know of no instance in which devisees and legatees have ever been held to be such. If the testator in this case had assigned the note in controversy to the plaintiff in his lifetime instead of bequeathing it to her by his will, we see no reason why she should not be considered as much the legal representative in the one case as in the other. At all events it seems to us that if it had been intended to include devisees and legatees within the exceptions of the statute they would have been expressly mentioned, and that such intention would not have been expressed by words of such indeterminate meaning as "legal representatives." We are of opinion therefore that the testimony was improperly excluded.

The promissory note in controversy did not purport upon its face to be given for a valuable consideration. But under our statutes all written

instruments import a consideration. Rev. Stats., art. 4488. It is also provided that the consideration of a written instrument can only be impeached by a sworn plea. Rev. Stats., art. 1265. Such a plea was interposed in this case, and appellants now contend that the court erred in refusing to charge the jury that the burden was upon the plaintiff to prove that there was a valuable consideration for the note. The note imported a consideration, and the burden was upon the defendants to show that there was none. The effect of the sworn plea was not to shift the burden of proof, but merely to put the consideration in issue.

It is also complained that the court erred in charging upon a failure of consideration. If there was originally a valuable consideration to support the note, it could not be defeated by parol proof that the father agreed at the time it was executed to demand payment only in the event it was necessary for his maintenance and support. This would be to vary a written contract by parol evidence. The issue in the case was whether or not there was a want of consideration for the note, and it was error to charge upon a failure of consideration. This, however, it seems to us, was not prejudicial to appellants.

For the error of the court in excluding the deposition of Mrs. Newton, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 30, 1890.