### LASSITER v. BOUCHE et al.
(No. 1202–5210.)

Commission of Appeals of Texas, Section A.
March 20, 1929.

John White and W. N. Coombes, both of Dallas, for plaintiff in error.

Locke, Locke, Stroud & Randolph, of Dallas, for defendants in error.

CRITZ, J. Mrs. M. W. Lassiter filed this suit in the district court of Dallas county against Mrs. Jennie L. Bouche and Julius Edmond Bouche, to establish an express trust on a certain lot in the city of Dallas, and based the existence of the trust asserted on a one-half interest in the lot. At the conclusion of Mrs. Lassiter's evidence the trial court peremptorily instructed a verdict for the defendants, and judgment was rendered accordingly. The case was duly appealed to the Court of Civil Appeals at Dallas, which court affirmed the judgment of the district court, 5 S.W.(2d) 831. The case is now before this court on writ of error granted on application of Mrs. Lassiter.

The Court of Civil Appeals makes a very clear and complete statement of the issues involved, and for the sake of brevity we refer to the statement of that court. We, however, copy the following from the opinion of the Court of Civil Appeals:

"Thus it will be seen that the legal title to the lot in question at the time of the death of Julia Kendall in 1896 stood one-half in Mrs. Jennie Bouche, made up as follows: One-sixth inherited from her father; one-twelfth conveyed to her by her sister, Mollie Wright and husband in 1883; and one-fourth acquired through the will of her mother. The legal title to the other half of the lot was in Julius Edmond Bouche, made up of the one-fourth acquired under the will of his uncle, C. P. Kendall, and one-fourth under the will of his grandmother. This was the status of the legal title at the time this suit was instituted on October 23, 1924."

We are in accord with the holding of the Court of Civil Appeals, as to all of the issues of this case, except so far as the asserted trust may, or may not, exist as to the one-twelfth interest in the lot conveyed to Mrs.

Bouche by Mollie E. Wright and husband, J. W. Wright, by deed dated April 23, 1883, and we are in accord with the holding of the Court of Civil Appeals as to this one-twelfth interest, in so far as said court holds that if Mrs. Lassiter is competent to testify, the trial court erred in directing a verdict for defendants; but we are of the opinion that the Court of Civil Appeals erred in holding Mrs. Lassiter was incompetent to testify under the provisions of article 3716, R. C. S. of Texas, 1925.

In this connection it will be noted that Mrs. Lassiter proposed to prove the parol trust by herself testifying to statements and transactions by and between Mrs. Mollie E. Wright, deceased, mother of Mrs. Lassiter, and Mrs. Bouche, who is still living, and is a party to this suit. It is shown that such statements and transactions took place before the death of Mrs. Wright. If Mrs. Lassiter is competent to testify, her testimony, together with other circumstances in the record, presents a fact issue as to the one-twelfth interest. On the other hand, if Mrs. Lassiter is not competent to testify as a witness, the trial court was correct in directing a verdict and entering judgment for defendant, Mrs. Bouche, and the Court of Civil Appeals was correct in affirming that judgment.

As stated, Mrs. Lassiter is a daughter, and, generally speaking, one of the heirs at law, of Mrs. Mollie E. Wright, deceased; but, as shown, she does not bring this suit as an heir of her deceased mother, nor does she assert any rights or title in the lot in question by virtue of heirship. On the other hand, Mrs. Lassiter asserts title in the lot by virtue of a deed from Mrs. Mollie E. Wright to her. We do not think that, where title is thus asserted, the provisions of article 3716, R. C. S. of Texas 1925, have any application to disqualify Mrs. Lassiter as a witness to testify to transactions or communications by and between Mrs. Wright, deceased, and Mrs. Bouche, still living. Newton v. Newton, 77 Tex. 508, 14 S. W. 157.

In Newton v. Newton, supra, it is shown that the cause of action was based on a note executed by appellants to their father, James Newton. James Newton died, having devised and bequeathed all of his property to his second wife, the stepmother of appellants. The stepmother brought suit on the note as legatee under her husband's will. The defendants pleaded want of consideration, and in order to maintain their defense in the trial court the defendants offered to prove by the wife of one of the defendants conversations between James Newton and her husband, during the lifetime of James Newton. The testimony was objected to and excluded by the trial court.

Our Supreme Court, speaking through Judge Gaines, holds that the wife offered as a witness was a real, though not a nominal, party to the suit, because the community was

involved, but then holds that, since the suit was brought by the plaintiff as legatee under her husband's will, the provisions of article 2248, R. C. S. (now article 3716), did not preclude any party from testifying. In discussing the question, Judge Gaines says that this court will not extend the provisions of the statute to a class of persons not named, although the reason for embracing them be equally as strong as those which exist for excluding the persons expressly designated, citing Roberts v. Yarboro, 41 Tex. 451; Markham v. Carothers, 47 Tex. 25.

In the Newton Case the surviving wife was, generally speaking, an heir at law of her deceased husband. Article 2571, R. C. S. 1925. On the other hand, as shown by the opinion, she did not assert any rights in the note sued on as an heir, but sued as legatee. Under these circumstances, our Supreme Court held that, her rights being asserted as a legatee, the disqualifications of article 2248 (present article 3716) had no application.

In the case at bar Mrs. Lassiter is, generally speaking, an heir at law of Mrs. Mollie E. Wright, deceased, but she does not assert any rights as such heir. On the other hand, she asserts title in the lot in question by virtue of a deed from Mrs. Mollie E. Wright to her. Under the holding in Newton v. Newton, supra, the provisions of article 3716, R. C. S., can have no application to disqualify any witness in the case at bar.

It is true that Mrs. Lassiter's testimony reveals the fact that she holds and claims title to an interest in the lot in question under a deed from her mother, Mollie E. Wright, deceased, absolute in form, but which deed, in fact, only conveys the lot to her as trustee for herself and the other legal heirs of her said mother. However the fact that the interest in the lot was conveyed in trust for beneficiaries, who happened to be also heirs, does not alter the result of the transaction, which is to vest the legal title in Mrs. Lassiter, and the equitable title in the beneficiaries of the trust by operation of the deed, and not by virtue of the laws of heirship. It is also true that by the terms of the trust, as testified to by Mrs. Lassiter, the heirs of Mrs. Wright share therein in the proportion fixed by the laws of descent and distribution; but this is true, not primarily because of the operation of any statute of heirship, but because the party conveying the property so created the trust.

We therefore recommend that the judgments of the district court and Court of Civil Appeals be reformed, and in part affirmed, and in part reversed and remanded, as follows: That the judgments of both courts be affirmed, so far as the alleged cause of action against Julius Edmond Bouche is concerned; that the judgments of both courts be affirmed so far as the alleged cause of action against Mrs. Jennie L. Bouche is concerned, except in so far as the plaintiff seeks recovery for

the one-twelfth interest in the lot in question conveyed to Mrs. Jennie L. Bouche by Mrs. Mollie E. Wright and husband, J. W. Wright, by deed dated April 23, 1883; and that the judgments of both courts as to this one-twelfth interest be reversed and remanded to the district court for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reformed, and affirmed in part, and in part reversed and remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.