## COOK v. BAKER.
### No. 8399.

Court of Civil Appeals of Texas. San Antonio. April 2, 1930.

Rehearing Denied May 14, 1930.

See also 7 S.W.(2d) 107; 15 S.W.(2d) 600.

D. C. Hogan, of San Juan, Tom Hartley, of Pharr, and Oliver C. Aldrich, of Edinburg, for appellant.

Neal A. Brown and J. F. Carl, both of Edinburg, for appellee.

FLY, C. J.

This suit was instituted by appellee, a feme sole, against appellant, individually and as sole devisee and legatee under the last will and testament of Thomas Cook, deceased, on a claim against said estate for services as a domestic servant through a period of three and a half years, beginning in 1901, and running along at intervals until 1910, and also for the sum of $200 lent by her to said Thomas Cook, deceased. A jury heard the evidence, and upon their answers to special issues judgment was rendered in favor of appellee against appellant, as an individual and as sole legatee and devisee, in the sum of $3,877.85.

The jury found that Thomas Cook, deceased in April, 1901, entered into an agreement with appellee to come to his house at Isabella, Mo., and perform household duties, raise poultry, and do farm work; that he would pay her for said services when he sold a certain farm in Cook county, Ill., and if said farm was not sold during his lifetime he would make suitable provision in his will for paying her; that appellee in pursuance of such agreement performed the services described for eighteen months; and that the reasonable value of such services was $30 a month. The jury also found that in 1905, appellee under the same agreement again began service for Thomas Cook, and performed such service for six and a half months; said services being of the value of $30 per month, and again on May 1, 1909, in pursuance of the same agreement

894

began service for said Cook, which lasted for twelve months, which was of the same value each month; that she made for him at his request two feather beds and two feather pillows, of the value of $56. The jury also found that about May or June, 1905, she lent Thomas Cook the sum of $200, and that she spent in making three journeys to Denver and return the sum of $240, which Cook promised to repay. Thomas Cook, deceased, sold his Illinois farm on May 29, 1925, but did not pay appellee any of the sums that he owed to her. The jury found that through the years appellee relied on the promises of Thomas Cook, and thought he would pay her all he owed out of the proceeds of the sale of the Illinois farm, or would make provision for the debts in his will. The evidence showed that he concealed the sale of the farm from appellee and left all his property to his brother John A. Cook. The evidence of appellee sustained the responses of the jury to the special issues. Thomas Cook died on July 7, 1927, at Pharr, in Hidalgo county, possessed of an estate of the probable value of $25,000. By his will appellant was made the independent executor as well as sole devisee of all his property. The will was executed on June 11, 1925, about two weeks after the Illinois farm was sold. Appellee did not ascertain that the Illinois farm had been sold until in 1927, a short time before the death of Thomas Cook. The latter told her that his brother John had all the proceeds from the sale of his farm and all his other property. She instituted this suit a short time after the will was probated.

■ It was not necessary to sue appellant in his capacity as independent executor, as he was the sole legatee of the estate. If he had been sued as independent executor, he could not complain that appellee's claim was not presented to him for approval. The statutes do not require claims to be presented to an independent executor, as a condition to suit against him. Sloan v. Dahl, 27 S.W.(2d) 284, by this court; Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625; Smyth v. Caswell, 65 Tex. 379. It was totally unnecessary to sue appellant as executor when he was the sole devisee and had possession, in his own right, of all the property of his brother's estate. There were no debts shown to exist except those due appellee. The law would not require such an unnecessary thing as suing appellant as independent executor, as nothing could be accomplished by it; no good would be attained, no wrong perpetrated.

■ The second, third, fourth, fifth, sixth, seventh, and eighth propositions are not meritorious and are overruled. Appellee was not seeking to hold appellant for the debt of another except the debt of the dead man, who had accumulated the property which appellant had appropriated to his own use and

benefit. If he has not appropriated the property of his brother, he will not be liable for any debt of the brother. It is the property of the dead brother and not appellant which will pay the debt. The judgment against him as an individual was unnecessary and futile, and it will be corrected so as to be against him only as devisee and legatee. Appellant seeks to appropriate the neat little fortune left by his brother and not pay any debt incurred by the brother.

■ The statute (Rev. St. 1925, art. 3716) as to transactions with a deceased person does not apply where a person is sued as a legatee or devisee, and the ninth proposition is overruled. Roberts v. Carlisle (Tex. Civ. App.) 4 S.W.(2d) 144.

The remaining propositions are without merit and are overruled.

The contention as to the claim being barred by limitations is fully answered in favor of appellee by the Commission of Appeals in a former appeal of this case. Baker v. Cook, 15 S.W.(2d) 600.

That part of the judgment against appellant as an individual is stricken out, and as reformed will be affirmed.