## COOK v. BAKER.
### No. 1300—5792.

Commission of Appeals of Texas, Section B.
Jan. 6, 1932.

Oliver C. Aldrich, of Edinburg, D. C. Hogan, of San Juan, Tom Hartley, of Pharr, and Bryce Ferguson, of Edinburg, for plaintiff in error.

Neal A. Brown and J. F. Carl, both of Edinburg, for defendant in error.

## SHORT, P. J.

This is the second time this case has reached the Supreme Court. Upon the first trial the district court concluded that defendant in error's cause of action was barred by the two-year statute of limitation and sustained an exception thereto on that ground, entering judgment accordingly. This judgment was affirmed by the Court of Civil Appeals. From that judgment the defendant in error prosecuted a writ of error to the Supreme Court, and that court reversed the judgments of the district court and the Court of Civil Appeals and remanded the cause for another trial, the opinion being written by Judge Leddy of this section of the Commission of Appeals. That opinion sets out rather fully the pleadings of the defendant in error, to which we refer without restating them. 15 S.W.(2d) 600. Upon another trial of the case, wherein there was a jury which answered certain special issues, judgment was rendered in favor of the defendant in error against the plaintiff in error in the sum of $3,877.85, both as legatee, and also as an individual. Upon appeal to the Court of Civil Appeals at San Antonio the judgment of the district court was affirmed in so far as it related to the liability of the plaintiff in error as legatee. 27 S.W.(2d) 893.

The basis of this suit is a claim by the defendant in error against the estate of Thomas Cook, deceased, for services as a domestic servant rendered through a period of three and one-half years, beginning in 1901 and terminating in 1910, with intervals intervening, and also for the sum of $200 loaned to the decedent, and also for certain articles furnished and certain traveling expenses. There was no compensation ever paid the defendant in error for the services rendered, the articles furnished, or the traveling expenses, nor was the money repaid, but the jury found that the deceased, Thomas Cook, in April, 1910, entered into an agreement with the defendant in error to come to his house at Isabella in the state of Missouri and perform household duties, raise poultry, and do farm work, in consideration of which the deceased promised to pay the defendant in error when he sold a certain farm in Cook county in the state of Illinois, and if said farm was not sold during his lifetime he would make suitable provision in his will for paying her; that defendant in error, in pursuance of such agreement, performed the services set forth in her petition, the reasonable value of which was $30 a month; that she loaned him $200, and made for him some feather beds, and expended other moneys in traveling expenses, all under the same agreement, for none of which the defendant in error had ever been compensated; that through the years the defendant in error relied on the promise of Thomas Cook, and thought he would pay her all he owed her out of the proceeds of the sale of the Illinois farm, or would make provision for the debt in his will. The Court of Civil Appeals also found the evidence showed Thomas Cook sold the farm but concealed the sale of it from defendant in error and left his property to his brother John A. Cook. Thomas Cook died on July 7, 1927, at Pharr in Hidalgo county, Tex., possessed of an es-

tate of the value of $25,000, and by the will of Thomas Cook plaintiff in error was made the independent executor of his estate, as well as the sole devisee of all his property. The will was executed on July 11, 1925, about two weeks after the Illinois farm was sold. The defendant in error did not ascertain that the Illinois farm had been sold until in ·1927. Thomas Cook told the defendant in error his brother John A. Cook had all the proceeds from the sale of his farm and all the other property. The plaintiff in error probated the will in the county court of Hidalgo county and took possession of all the estate by virtue thereof. This suit was instituted October 20, 1927, against John A. Cook as an individual, and also as sole devisee and legatee under the last will of Thomas Cook, deceased.

While there are twenty-six assignments of error in the application for the writ of error, and many propositions of law presented there·under, substantially all of them relate either to the sufficiency of the petition to state a cause of action, or to the testimony to establish one, in consequence of which it will not be necessary to discuss each assignment separately.

The plaintiff in error asserts the petition is bad on general· demurrer, as well as subject to several special exceptions leveled at it. He also contends there is no competent testimony sufficient to sustain any cause of action, which may have been set forth in the petition. Substantially all of the material allegations in the petition depend at least in part upon the oral testimony of the defendant in error, which relates to transactions had with Thomas Cook in his lifetime, and the plaintiff in error contends this oral testimony is incompetent, being in conflict with the provisions of article 3716. The plaintiff in error' also contends that any claim the defendant in error may have against the estate of Thomas Cook, deceased, can only be enforced against the executor of such estate, who is a necessary party defendant in any suit to enforce the payment of such claim, and as the executor of the last will of Thomas Cook, deceased, has not been made a party, no judgment based on such claim could be rendered, especially since the record shows this claim was never presented to the executor for allowance, and never approved by the probate court of Hidalgo county, or, if not so allowed and approved, that its payment was refused by the executor. In other words, it is contended that the probate court of Hidalgo county, not the district court, has jurisdiction of the subject-matter of this suit. It is furthermore contended that under the pleadings no judgment could be rendered other than a personal one against the plaintiff in error, and that the indebtedness claimed is against the estate of Thomas Cook, deceased, only. We will discuss article 3716, supra, as applicable to the facts of this case,

before discussing the sufficiency of the pleadings, in view of the disposition we have concluded to make of this case.

While the common law excluded parties from testifying in their own cases, that bar has been removed in Texas by statute (article 3714), except as provided by article 3716, which reads as follows: . "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." It will be noted that this is a suit, not against John A. Cook as the executor of the last will of Thomas ·Cook, deceased, but is a suit against John A. Cook as the sole legatee under said will. The testimony of the defendant in error, for the most part, relates to transactions with Thomas Cook, deceased, who is not represented in this litigation by any legal representative, such as an executor, an administrator, or heirs. Such being the state of the record, it appears clear to us that the reception of the testimony of the plaintiff in error is not prohibited by any provision of this article. The only legal point involved here is whether the phrase "heirs or legal representatives" must be construed to mean devisees or legatees, since John A. Cook is not sued as an executor, but is only sued as a legatee, though it might be that in the absence of the probating of the will, John A. Cook might be one of the heirs, if not the sole heir, of Thomas Cook, deceased. Legatees, under a will, do not come within any of the exceptions to article 3714 as embraced in article 3716. The Supreme Court of this state,· speaking through Associate Justice Gaines in Newton v. Newton, 77 Tex. 511, 14 S. W. 157, 158, in discussing this particular statute and ·the point under review here, among other things in that case said: "The question, then, is, can the words 'heirs or legal representatives' be construed to mean 'devisees or legatees?' A legatee is not, in legal 'signification, an heir; nor do we think that devisees and legatees are embraced in the terms 'legal representatives.' Executors, administrators, and, if there be neither, the heirs, are the legal representatives of a deceased person. So, when a community estate is being administered under the statute by the surviving husband or wife, such survivor is the legal representative of the deceased as to the community property. But we know of no instance in which devisees and legatees have ever been held to be such." Lassiter v. Bouche, 14 S.W.(2d) 808, wherein Judge Critz of Section

A of the Commission of Appeals, the holdings of which were expressly approved by the Supreme Court, reaffirms the construction placed upon article 3716 in Newton v. Newton, supra.

■ John A. Cook, the plaintiff in error in this case, has not been sued as the executor of the last will of his brother, nor is he sued as an heir or a legal representative of his brother. Such being the situation, and in view of the policy of the Supreme Court to strictly construe the language contained in article 3716, supra, and not to be inclined to extend its construction beyond the plain language and meaning contained therein, as evidenced by its opinions in Newton v. Newton, supra; Martin v. McAdams, 87 Tex. 225, 27 S. W. 255; King v. King's Unknown Heirs (Tex. Com. App.) 34 S.W.(2d) 804; Mitchell v. Deane (Tex. Com. App.) 10 S.W.(2d) 717, and Lassiter v. Bouche, supra, we overrule all the assignments of error questioning the admissibility of the testimony of the plaintiff in error because of the provisions of article 3716.

■ Some of the assignments of error call in question whether there is any testimony to sustain the judgment as to the value of the services rendered by the defendant in error to Thomas Cook, as well as the amount in value of certain traveling expenses, and perhaps other items of similar nature, while others call in question whether there is any testimony as to the identity and value of any property alleged to be in the possession of the plaintiff in error as legatee under the will of the deceased brother, within the jurisdiction of the district court of Hidalgo county. We have examined the statement of facts, and as there is some testimony which supports the findings of fact by the jury and those found by the trial judge, in harmony with the findings of fact by the jury, and since these findings have been approved by the Court of Civil Appeals, the Supreme Court has not the power to set them aside. All of those assignments are therefore overruled.

In discussing the assignments which call in question the sufficiency of the petition to sustain the judgment which was rendered, we again refer to the opinion of Judge Leddy, rendered on a former appeal in this case, supra, which pleadings are substantially the same as the amended petition upon which the case was tried on the second trial. In addition to the pleadings stated in the opinion of Judge Leddy, the plaintiff in error, among other things, in his second amended original answer, filed September 23, 1929, alleges the fact to be that "the will executed by the said Thomas Cook was duly probated on or about the eighth day of September, 1927, in Hidalgo County, Texas, and this defendant was on the same day duly appointed and qualified as independent executor of said estate and be-

came the sole devisee and legatee and owner of all the property of the said Thomas Cook."

The defendant in error alleged in her petition, and the testimony shows without dispute, that the plaintiff in error, after probating said will and qualifying as executor, filed an inventory and appraisement, which was approved by the probate court, which inventory shows that Thomas Cook died leaving an estate consisting of certain cash in banks in Hidalgo county, and a one-half interest in a certain promissory note dated May 29, 1925, for $45,400, with interest from May 29, 1927, at 6 per cent. per annum, due on or before May 29, 1930, secured by a deed of trust on 227 acres of land in Cook county, Ill., and certain other personal effects and household goods, all of the appraised value of $25,873.35. According to the allegations in the answer of the plaintiff in error, quoted above, all this property on the 23d day of September, 1929, was in the possession of the plaintiff in error, and was claimed by him as its owner by virtue of the probate proceedings alleged in the petition and shown by the testimony. To illustrate the important points raised by the plaintiff in error, in assailing the sufficiency of the pleadings of the defendant in error to sustain the judgment, we quote some of his propositions. One is as follows: "Whenever a creditor seeks to subject the property of an estate to the payment of his debt by bringing a suit in the Courts of this State against an heir, distributee or someone in possession; or against any one who is not an administrator or executor of such estate, his petition must allege such facts as bring him within some of the exceptions to the ordinary rule of procedure." Under this proposition the plaintiff in error asserts that, in order to state a cause of action, the defendant in error should have made the executor of the will of Thomas Cook a party defendant, or should have alleged the facts, which would bring her within some of the exceptions to the ordinary rule of procedure. The plaintiff in error contends that under articles 3436 and 3437 and under chapter 14 of title 54, R. S. 1925 (article 3457 et seq.), a procedure is prescribed for the government of persons having claims against an estate, and that the petition of the defendant in error does not follow this procedure, which it does not.

He then contends that this failure on the part of the plaintiff in error to follow this procedure is fatal to her recovery under the allegations of her petition, since these pleadings disclose that there was a duly appointed, qualified, and acting executor of the last will of Thomas Cook, deceased, and the petition does not attempt to comply with the statute by seeking to establish the claim of the plaintiff in error against the executor as a debt against the estate of the testator, nor does the petition contain any allegation that there was

no administration upon the estate of Thomas Cook, deceased, nor any necessity therefor. The defendant in error further asserts that the procedure prescribed by these statutes provides for the only method by which a claim against the estate of a deceased person, dying testate, can be established either against the estate, or against the distributees thereof, further asserting that chapter 14 of title 54, supra (article 3457 et seq.), provides the only way a distributee or legatee can be sued personally, even though there was an allegation in the petition that the estate had been withdrawn from administration, which there is not.

Another proposition is as follows: "Where there is an executor or administrator of an estate, no judgment can be rendered against a devisee or legatee until the indebtedness claimed is first established as a debt of the estate by suit against the executor." Another one is: "Where a suit is brought on a claim owing by a deceased person, and the pleadings disclose that there is an executor of the estate of such deceased person, such executor is a necessary party to such suit." Another one is: "Any person having a debt or claim against the estate of a deceased person, must enforce same against the executor, and when judgment is recovered, the execution shall run against the estate of the testator in the hands of the executor." Another proposition is: "The district court does not have jurisdiction of a suit or a claim against an estate brought against a devisee or legatee alone, when the proceedings disclose the fact that there is an executor of such estate." Another one is: "An allegation that a devisee and legatee is in lawful possession of an estate shows no liability of such devisee and legatee for the debts of such estate." In disposing of these assignments and the propositions thereunder, it will be necessary to discuss, briefly, the general rule applicable to the facts in this case, as shown by the pleadings, as well as some of the exceptions thereto.

■■ The general rule is that there must be an administrator or an executor, representing an estate to enable a creditor to collect his claim; while the exceptions to this rule are, when there is no necessity for administration, or where there is only one debt against the estate, or where the estate is withdrawn from administration, when the rule does not apply. McCampbell v. Henderson, 50 Tex. 601; Patterson v. Allen, 50 Tex. 25; Low v. Felton, 84 Tex. 385, 19 S. W. 693.

■ In its broadest sense the purpose of administration opened upon an estate is to pay the debts and to distribute the remainder among the heirs. Houston v. Mayes, 66 Tex. 297, 17 S. W. 729. However, there is no such thing known in law as an independent administrator.

In the Probate Act of 1848 (Acts 2d Leg. c. 157), § 110, there appeared for the first time a provision of the probate law which provided for the administration of an estate by the executor·free from the control of the probate court; and when such a provision was made in a will, it created an "independent executor." While there were some amendments to this original act of 1848, eliminating this provision, it was restored in the Act of August 9, 1876 (Acts 15th Leg. c. 84), § 117, and is now embodied in the present law as article 3436. In a will so drawn as to comply with article 3436, an independent executor acting directly under the powers prescribed in the instrument does so without interference from the probate court, so long as the executor continues to discharge the trust. In other words, during such time, the probate court has no jurisdiction to interfere with the settlement of the estate; that is to say, while the independent executor is faithfully and actively performing his duties. Holmes v. Johns, 56 Tex. 41; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486. While this is true, it cannot be said that the estate is so far withdrawn from the jurisdiction of the probate court that the settlement of it cannot be resumed by the probate court under certain conditions and situations. Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367.

It was also held in the case last cited that the object of article 3436 was to enable a testator to commit the management of his estate to such a person or persons as he might name, but not to so far withdraw the estate from the jurisdiction of the court, that the settlement of it would not be resumed (italics ours) in case the trust should lapse by failure of the executor to discharge his duty, or from other causes. However, we have no such situation presented by the record in this case. Upon the contrary, we have an independent executor who has, according to certain allegations in the petition of the plaintiff in error, fully discharged his trust, and who has finally administered the estate by placing it in the hands of the individual to whom it was bequeathed by the testator. Notwithstanding this is true, this fact standing alone, or even aided by the other facts alleged and established, is not sufficient to sustain the judgment which was rendered in this case.

■ At this point it may be well to call attention to the fact that the will of Thomas Cook, having bequeathed all of his property to the plaintiff in error, John A. Cook, in the absence of debts against the estate, had the legal effect, when it was probated, as it was, to place into the lawful possession of the plaintiff in error all his property, subject only to such claims against the property as could lawfully be enforced when such property had passed out of the estate and into the sole legatee provided by the will.

The executor of the will of Thomas Cook, under the facts in this case, was not a necessary party, for the reason that when this suit was instituted the property had ceased to become that of the estate, and its ownership had lawfully passed into the hands of the plaintiff in error. It would be a vain and useless thing, with this condition existing, for the defendant in error to have sought and procured a judgment against the estate of Thomas Cook, deceased, or for the court to have ordered an execution against the property belonging to such estate under such circumstances, for the officer receiving such writ of execution would have been compelled to have returned it unsatisfied since there was no property belonging to the estate out of which it could have been satisfied.

The defendant in error has elected to permit the property to pass out of the estate by the terms of the will, and into the hands of the sole legatee, and has sued him as legatee alone, ignoring whatever rights, if she had any, and we did not decide that she had any, which could have been satisfied by a proceeding before the probate court. But the plaintiff in error very properly says the defendant in error has no claim against him individually, according to the allegations in her petition, and again the plaintiff in error says, under the pleadings and proof, no execution issued upon this judgment could lawfully be satisfied, in that, the property shown to have gone into his hands was personal, movable, and perishable property, and of a nature which could not be identified by the officer holding an execution. There was some money in some banks which passed into the hands of the plaintiff in error, but when the judgment should be sought to be enforced against this money, the officer holding the execution might be confronted with the denial on the part of the banks that they had any such money, or a claim that if they did have it, it was in the form of a debt due the plaintiff in error. The testimony further shows that the plaintiff in error had a one-half undivided interest in a promissory note, but when the officer should seek to enforce the judgment against this interest he could be confronted with the fact that he could not reduce this note to actual possession so as to enable him to advertise it and sell it without interfering with somebody else's rights; moreover, under the pleadings of this case, no judgment could have been rendered against the plaintiff in error individually for the reason that there are no pleadings whatever which would make him liable as an individual. Had the petition alleged in the alternative, after invoking the equity powers of the court in vain to subject the identical property, originally a part of the estate of the testator, which the plaintiff in error had received as sole legatee, to the payment of her claim, that the plaintiff in error had converted this property to his own use, or had placed it beyond the jurisdiction of the court, or had done any other thing which rendered useless the issuance of any writ by the court to reduce the property into its custody which he had received as legatee, supporting these allegations with sufficient proof, then a judgment against him individually could be maintained.

We hold that the plaintiff in error was properly sued in the district court, since there was only one claim against the estate, and since the will gave plenary powers to the executor, which powers had been fully executed at the time the suit was instituted. We further hold that upon proof of this claim, under proper pleading, a lien can be fixed against the property in the hands of the plaintiff in error to the extent of the amount of the judgment, but that in order to fix such lien, the property being of the kind and character it is, the court must have reduced this property into its custody, so that the judgment can describe it, and order it sold, or should it appear, under a proper pleading and proof, that the plaintiff in error has converted the property to his own use, or has placed it beyond the jurisdiction of the court, or had done any other act which has prevented the court from exercising its jurisdiction over the property, then, in such case, the property being in excess of the value of the amount of the claim, a judgment could be rendered against the plaintiff in error as an individual, for the amount of the claim, together with the interest and all costs of suit. But we further hold that the pleadings in this case are insufficient to enable the court to foreclose a lien against the property in the hands of the plaintiff in error, and are also insufficient to support a judgment against the plaintiff in error as an individual.

We therefore recommend that on account of the defects in the pleadings to support the judgment which was rendered, that the judgment of the district court, which was affirmed by that of the Court of Civil Appeals, be reversed, and that the case be remanded to the district court of Hidalgo county with instructions to sustain a general demurrer against the defendant in error's petition, unless she, within a reasonable time, shall have amended it in such a way as to state a cause of action against the plaintiff in error either as legatee, or as an individual, or both.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.