**SHAW, Banking Commissioner, v. McCARTY et al.**

**No. 1216.**

Court of Civil Appeals of Texas. Eastland.

March 16, 1934.

Rehearing Denied April 13, 1934.

Scarborough & Ely, of Abilene, for plaintiff in error.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for defendants in error.

FUNDERBURK, Justice.

On June 7, 1930, Guy W. McCarty owed the Abilene State Bank a demand note for $4,750. Some time afterward he executed and delivered to the said bank another note for $5,000, indorsed on the back thereof with the name of John M. Gist. The last-named note for convenient reference will be referred to as dated June 7, 1930. It was executed and delivered for the sole purpose of better securing the first-named note, Gist signing as indorser for the accommodation of McCarty. When John M. Gist thus signed said $5,000 note, the $4,750 note was then due, and no new consideration passed to the said Gist. The notes were pinned together and kept in the bank until May, 1931, when said McCarty and Gist signed a new $5,000 note, payable to the bank, due July 15, 1931. Manual possession of this note was given to the bank under an agreement that when said McCarty should have paid certain interest due on the $4,750 note and a certain other claim against him, the last-named $5,000 note should be substituted for the $4,750 note, thereby also releasing and discharging the first-named $5,000 note. Payment of the interest and said other charge, which was a condition upon which the $5,000 note due July 15, 1931, was to be substituted for the $4,750 note, was never made, and the substitution was never effected. Subsequently, and after said bank had been taken over by the banking commissioner for liquidation, suit was brought upon the $4,750 note, the amount thereof reduced to judgment, and a foreclosure of a deed of trust lien was had upon certain property theretofore given in part security for said note, but insufficient to pay more than an insignificant part thereof.

This suit was brought by the banking commissioner upon said $5,000 note given in May, 1931, and due July 15, 1931, to recover judgment thereon against both McCarty and Gist, and in the alternative judgment was sought

against both parties on said $5,000 note dated June 7, 1930. Upon a nonjury trial, the court denied plaintiff any recovery against either defendant upon the $5,000 note due July 15, 1931, and denied recovery against John M. Gist upon the $5,000 note dated June 7, 1930, but gave plaintiff judgment against defendant Guy McCarty upon said last-mentioned note, together with interest and attorney's fees, amounting to $6,700, but with the provision, after reciting that judgment had previously been given upon said note for $4,750, together with interest and attorney's fees, that payment of either judgment would discharge the other. Said judgment was rendered upon the theory, as disclosed by the findings of fact and conclusions of law duly filed, that the $5,000 note due July 15, 1931, was never delivered to the bank, and, therefore, never became effective and that no consideration ever passed to John M. Gist or Guy W. McCarty for the indorsement by the former of said first note for $5,000, dated June 7, 1930. The plaintiff has appealed.

■ There was ample evidence, we think, to support the finding of the trial court to the effect that the $5,000 note due July 15, 1931, was never delivered so as to become effective and constitute an asset of the bank. If the undisputed evidence did not so show, there was at least sufficient evidence to raise an issue of fact that said note was signed by said parties and manual possession thereof given to the bank for the sole purpose of substituting said note for the $4,750 note conditioned upon the said Guy W. McCarty paying certain accrued interest on said $4,750 note and certain other indebtedness he owed the bank, which payments were never made. The question of liability is governed by the same principle applicable to a suit between the original parties to the instrument in question. The rule is stated in 6 Tex. Jur., § 50, p. 648, thus: "In considering the conditional delivery of notes, a condition precedent is such as must happen or be performed before the right to the delivery of the note, bill or check can be enforced. And it is the general rule that when a promissory note or written contract is delivered to become binding on the happening of a contingency, it is not enforceable until that event. * * * And similarly there is no liability until the occurrence or performance of the condition." See, also, Miller v. Murphy (Tex. Civ. App.) 206 S. W. 968; Williams v. Jones (Tex. Com. App.) 52 S.W.(2d) 256.

■ The only other question for decision is whether there was any evidence to support the court's finding that there was no consideration for Gist's indorsement of the $5,000 note dated June 7, 1930. The note imported a consideration. R. S. 1925, art. 5933, § 24; Newton v. Newton, 77 Tex. 508, 14 S. W. 157. Appellant alleged that Gist indorsed the note for the accommodation of McCarty. It was also shown by the undisputed evidence that no consideration was paid to Gist. We are inclined to the view that the allegations of plaintiff in error's petition concerning the $5,000 note dated June 7, 1930, themselves rebutted the presumption of consideration. According to the petition, McCarty incurred no new obligation by the execution and delivery of the note. His obligation as maker of the $4,750 note remained unchanged. If there had been a new consideration passing to him for the $5,000 note, then he would have incurred a new obligation to pay $5,000 in addition to his previously existing obligation to pay the $4,750 note. Plaintiff in error's pleading expressly disclaimed the existence of any such additional obligation, hence the effect of the allegations was, in our opinion, to rebut the presumption of consideration, and thereby to place the burden of evidence—not of proof—upon the plaintiff in error. 17 Tex. Jur. p. 327, § 100; St. Louis Southwestern R. Co. v. Parks, 97 Tex. 131, 76 S. W. 740.

■■ If, however, the presumption was not rebutted by plaintiff in error's pleadings, we have reached the conclusion that there was evidence to support the trial court's finding of no consideration. Although the note named the bank as payee, the undisputed evidence showed that McCarty owed the bank nothing on the $5,000 note in addition to what he owed on the $4,750 note. This attitude was inconsistent with and tended to negative the fact that a new and independent consideration had been paid for the $5,000 note. The undisputed evidence showed that the previously existing debt or obligation represented by the $4,750 note was not paid, or otherwise discharged, by the execution and delivery of the $5,000 note, but was held as collateral security for the $4,750 note. In so far as McCarty was concerned, it could perform no such function as serving for additional security for his $4,750 note. Without the indorsement of Gist, there could be no contention that the note constituted any security for the payment of the $4,750 note. A mere intention of the bank and McCarty that the $5,000 note should stand as collateral security for the $4,750 note which latter note was past due would not constitute a consideration for the $5,000 note. Since McCarty was not

liable on the so-called collateral note as a note, it follows that Gist was not liable thereon as indorser of the note. If Gist was liable at all, it was upon a contract of guaranty to which he and the bank were the parties. Such was not the contract which the trial court found was without consideration. The court found there was no consideration to support Gist's liability as indorser on the $5,000 note. Evidence that Gist was not paid a consideration for his indorsement, and evidence of facts to show that McCarty was not liable upon the note as a note, was sufficient to rebut any presumed consideration, and to warrant the court's finding that there was no consideration.

We heretofore handed down an opinion herein affirming the case in part, but reversing and remanding it in part. Upon consideration of defendants in error's motion for rehearing, we have concluded that we were in error in reversing and remanding in part, and deem it best to withdraw the former opinion and to substitute this in lieu thereof.

Our conclusion upon rehearing is that the judgment of the court below should be affirmed, and it is accordingly so ordered.