## HAYNES v. EANES.

### No. 2141.

Court of Civil Appeals of Texas. Eastland.

May 16, 1941.

See also, Tex.Civ.App., 135 S.W.2d 190.

Y. W. Holmes, of Comanche, for appellant.

Fred O. Jaye, of De Leon, for appellee.

LESLIE, Chief Justice.

Bob Haynes sued J. R. Eanes on a $150 note, dated September 1, 1934. Eanes pleaded payment, and, in the. alternative, want of consideration. On special issues a judgment was rendered for Eanes, and Haynes appeals, contending that he was entitled to an instructed verdict.

Prior to this suit, and extending over several years, there had been different business transactions between the litigants. Among them, Eanes purchased a tract of land and assumed a $2,250 vendor's lien note which Haynes owned. This note was dated October 11, 1927, matured January 1, 1931. It had been extended twice, at least. once for the benefit of Eanes, and was made payable the last time January 1, 1933. While this obligation was outstanding and Eanes was holding the inferior title to the land, delinquent taxes for several years accrued, and questions concerning annual rents on the land arose. Eanes conceded his inability to pay the $2,250 note, etc., and after considerable negotiations with Haynes, he conveyed the land to the latter on December 20, 1934. The deed was in settlement of particular claims and obligations existing between these parties, and recites that the conveyance was based upon the considerations (1) of cancellation by Haynes of the $2,250 note, interest, etc; (2) assumption by him of the unpaid taxes against the land, and (3) stipulated that Haynes was entitled to the 1933 and 1934 rent on the farm.

No express mention or notice was made in this instrument of the $150 note in suit. Eanes had executed and delivered it to Haynes almost four months prior to the date of this deed and it was then held and owned by Haynes.

The instant suit was instituted in the justice's court, March 9, 1940, where Haynes obtained judgment for less than the amount of the note and on his appeal from that judgment to the County Court, the instant judgment was entered denying him any recovery whatever. The defendant Eanes has resisted plaintiff's suit by plea of payment or satisfaction, and, in the alternative, by a verified plea of want of consideration for the note. Under the second, or alternative, plea, Eanes insists in his pleadings that the $150 note was

executed for a balance of past due interest on the $2,250 note, which he says he was then unable to pay. In other words, Eanes' defense, according to his pleadings, is, while he owed the $2,250 note and could neither pay it nor the interest, that Haynes represented to him there was more than $2,800 due on that note. That he (Eanes) relied on such statement, but later found that he had not received credit for all the payments he had made on the $2,250 note, and that had he received such credits he would have owed less than Haynes stated the amount to be. It is upon this theory that Eanes claims the $150 note was without consideration.

Naturally, Haynes insists the note is based upon a valid consideration, and he asserts it was given to him for the 1933 farm rent, which Eanes had agreed Haynes should have, but which Haynes alleges and testifies Eanes collected and failed to turn over to him under the general agreement embodied in the re-conveyance of the land.

In the trial below, the controversy seems to have revolved about the question whether the $150 note was given for interest as Eanes alleged, or for the 1933 rent as claimed by Haynes. In the light of the record before us, we doubt that either contention is controlling, or of much materiality.

When the $150 note was introduced in evidence it made out a case for Haynes, unless recovery thereon was defeated by Eanes upon whom, under his verified plea, the burden rested to prove want of consideration. Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Brown v. Weir, Tex.Civ.App., 293 S.W. 916. We are of the opinion that Eanes failed to discharge this burden of proof, and we think it conclusive from the testimony that the $150 note was supported by a valuable consideration. According to the agreed statement of facts Eanes testified: " * * * I could do nothing about paying [the $2,250 note, interest, etc.] whatever the amount. We finally agreed that he would take the land, pay the back taxes for 1931, 1932, 1933 and 1934, and have the rents on the land for 1933 and 1934. At his instance I executed to him on September 1, 1934 the note sued upon as he claimed I was due him that and I could not pay it. He claimed it was due him for rent for 1933. Afterwards I made him a deed to the land on December 20, 1934. I considered I was making him the note ($150) to make up the sum which he claimed I was due him. After that I wrote Haynes several letters acknowledging the liability on the note and made him two ($15.00) payments as shown by the credits."

The statement of facts embraces excerpts from about twelve of these letters, the last dated July 26, 1938, and, as stated by Eanes in his testimony, they distinctly acknowledge liability on the note in suit (suit filed March 9, 1940).

The $15 payments were made and credited on said note August 24, 1936, and November 16, 1936. It will be remembered the note was executed as early as September 1, 1934, and its due date was September 1, 1935. It will be observed that during such period of time Eanes was making partial payments on the note and frequently acknowledging its validity.

In his testimony the appellee not only acknowledges he executed the note for 1933 rent, but he does not claim that he has ever paid it. He does say, by his answer herein, that long after he gave the $150 note, and long after he had the settlement (evidenced by his deed of December 20, 1934) he got "to digging into" the business transactions between himself and Haynes and concluded, or found out, that he had made payments on the $2,250 note that had not been indorsed thereon. By his answer and testimony he seeks to appropriate these alleged unindorsed credits (on land note) as in satisfaction of the $150 note, or, in the alternative, as demonstrating the note in suit was given without consideration.

The settlement evidenced by the deed of December 20, 1934, recited the cancellation of the land note and contained other provisions adjusting specified claims and rights between the parties. As stated, no mention was made therein of the $150 note which both parties then knew was outstanding and which Haynes was then and thereafter endeavoring to collect from Eanes.

Eanes cannot lift out of this general settlement (evidenced by the deed) some alleged items or payments and apply the same to the liquidation of the $150 note in the manner indicated. Certainly he would have to set that settlement aside for fraud or mistake and in doing so meet all the requirements of equity, restoring Haynes to the original status quo with reference to the cancellation of the obligation which he (Eanes) admits he was then and now unable to meet. That general settlement would also have to be set aside in a

court of competent jurisdiction. Further, if he should succeed in setting aside the general settlement and establish that certain payments had not been indorsed on the land note, it would merely result in having such alleged unindorsed credits established and entered thereon. The amount of such alleged unindorsed credits would be insignificant compared with the unpaid balance on the $2,250 note, interest, attorney's fees, etc. No amount would be left to serve as payment of the $150 or offset thereof. Under no theory could the establishment of the fact that some payment was not indorsed on the land note be given the legal effect of amounting to "satisfaction" of the $150 note, or proof that such note was without consideration.

The general settlement evidenced by the specific terms of the deed remain intact and is in no way legally challenged, nor could it be undone in the court from which this judgment is appealed. It is still binding upon the parties and Eanes has completely failed to show the note in suit to have been executed and delivered without consideration. In our judgment his testimony as presented by the agreed statement of facts conclusively shows that the note was based upon a valuable consideration.

We have given careful consideration to the verdict but find that this appeal must be disposed of upon the conclusive effect we are required to give the testimony. It is, therefore, unnecessary to further lengthen the opinion by the discussion of matters immaterial to proper disposition of the case.

For the reasons assigned, the judgment of the trial court is reversed and judgment is here rendered in favor of the plaintiff.