## GARRETT et al. v. GARRETT.

### No. 1153.

Court of Civil Appeals of Texas. Waco.

April 14, 1932.

Rehearing Denied May 19, 1932.

Collins & Martin, of Hillsboro, and Bryan & Maxwell, of Waco, for appellants.

R. W. Cowan, George Clark, J. J. Campbell, and Price & Miller, all of Waco, for appellee.

BARCUS, J.

Appellee instituted this suit against J. M. Garrett and C. A. Garrett, individually, and in their capacity as independent executors of the estate of M. L. Garrett, deceased, and against Mrs. Batson and husband, Mrs. Jones and husband, and Mrs. Ullrich and husband. He alleged that M. L. Garrett died in 1928, and that the named defendants were his surviving children, and that his will had been duly probated, and that said named independent executors had taken charge of his estate.

Appellee's pleadings are very voluminous. He alleges, in substance, that in the years

1912 and 1913 he borrowed from M. L. Garrett $2,000, and as security therefor transferred and assigned to M. L. Garrett about $3,800 worth of vendor's lien notes on two separate tracts of land, with the understanding and agreement that, if and when M. L. Garrett realized more than the $2,000 out of the security notes, the remaining portion thereof, together with any property that he may have traded for in exchange for said vendor's lien notes, would and should become the property of appellee. He further alleged that in 1912 he borrowed $6,750 from M. L. Garrett and secured same by a deed of trust on a mill and elevator property at Clifton and 440 acres of land in Martin county; that in 1914 he was duly adjudged a bankrupt, and that he and M. L. Garrett made a contract under the terms of which M. L. Garrett would and did buy in said two pieces of property from the trustee in bankruptcy, and that he and M. L. Garrett would thereafter work jointly to dispose of said property, and, if same sold for less than the amount of said debt, W. T. Garrett would pay M. L. Garrett the deficiency, and, if said property was sold for more than said amount, the excess would be the property of W. T. Garrett; that in · carrying out said agreements said properties were from time to time traded, and in 1926 a 100-acre tract of land which had been obtained through their trading operations was sold, and at said time all of the preceding debts that appellee owed M. L. Garrett had been fully discharged and paid, leaving in the hands of M. L. Garrett at said time 244 acres of land in Limestone county and $3,000 worth of vendor's lien notes, payable to M. L. Garrett, against the Martin county land; that there was a lien against the Limestone county land to secure a $6,000 note. Appellee alleged that at said time in 1926 it was agreed between him and M. L. Garrett that said properties belonged to him (W. T. Garrett), subject to said lien, and that same would be held in the name of M. L. Garrett until the 244 acres of land could be sold, and that out of the proceeds of said sale M. L. Garrett was to be reimbursed for the $6,000 which he (the said M. L. Garrett) was required to and did pay, and that whatever amount said land sold for over and above the amount M. L. Garrett paid should then be paid to appellee. Appellee alleged that, after the death of M. L. Garrett in 1928, he found that said M. L. Garrett had in 1926 executed a deed to the 244 acres to his daughter, Dora Jones, said deed to be delivered to her at the death of M. L. Garrett. He alleged that at the time M. L. Garrett died the land was worth $60 per acre, and that his interest therein at said time was worth $6,200; that the notes on the Martin county land were worth $3,000, making a total of $9,200. He asked for judgment fixing a lien for said amount on the 244 acres and for a lien against all other property of which M. L. Garrett died seized and possessed to pay any deficiency that the 244 acres failed to pay under execution.

In answer to special issues submitted, the jury found, in substance, that the contracts and agreements as pleaded by appellee were made and entered into between him and M. L. Garrett. In answer to special issue No. 8, the jury found that, at the time M. L. Garrett died, the value of the property held by him under his agreement with W. T. Garrett above the amount which would fully compensate him under said agreements was $3,230. The trial court found that the deed from M. L. Garrett to his daughter, Mrs. Jones, was without consideration, and that said land was subject to the debt due appellee. Based on said findings, the trial court entered judgment giving appellee a first and prior lien on and ordered the 244 acres of land sold under execution, and directed that the proceeds be first applied to the payment to appellee of said $3,230, and the remainder, if any, be paid to Mrs. Dora Jones, and further ordered that, in the event said 244 acres did not sell for sufficient to pay said amount, execution issue against any and all other property that was left by M. L. Garrett at the time of his death.

Appellants present a number of assignments of error, with appropriate propositions thereunder, for review. The view we take of the case will not necessitate our passing upon each and all of said assignments.

Appellants objected to W. T. Garrett testifying to certain conversations and transactions he had with M. L. Garrett, on the ground that same were prohibited by the provisions of article 3716 of the Revised Statutes, which provides a person cannot testify relative to any transaction he had with, or statement made to him by, the deceased. Unquestionably, if appellee has any claim against the estate of M. L. Garrett, deceased, or if any of the property standing in the name of M. L. Garrett belongs to W. T. Garrett, the recovery of a judgment for the amount due or the recovery of said property would thereby adversely affect the administrators, heirs, or legal representatives of M. L. Garrett, deceased. The trial court admitted said testimony on the statement of counsel that it was being offered for the purpose of establishing a trust on all the property in the hands of the legatees. The issues as submitted, however, and the judgment as rendered has the effect of a moneyed judgment against the estate of M. L. Garrett, deceased, and it orders the sale first of the property which Mrs. Jones claims to have received from her father's estate and then the sale of all other property left by M. L. Garrett. Whether appellee was seeking to ingraft a trust upon certain property held in the name of M. L. Garrett, deceased, or whether he was seeking an accounting between himself and M. L. Garrett or a recovery of a moneyed judgment for the value of property owned by him and held by M. L. Garrett, the

same rule of evidence and procedure would apply. Under the provisions of article 3716 of the Revised Statutes, W. T. Garrett should not, unless called by the adverse party, be permitted to testify to any transactions or conversations he had with M. L. Garrett relative thereto.

In paragraphs 7 and 8 of appellee's petition he alleged that in 1926 he and M. L. Garrett, deceased, had an accounting, and that all of their mutual accounts were at said time paid and settled, and that at said time it was agreed between him and M. L. Garrett that there was in the possession of M. L. Garrett the 244 acres of land in Limestone county, with a lien against same for $6,000, which M. L. Garrett would and did pay, and that M. L. Garrett at said time recognized and agreed that appellee had an equitable interest in said 244 acres over and above the $6,000, and that they agreed that when the property was sold appellee would receive all of the proceeds of said sale in excess of the $6,000. Appellee further alleged that M. L. Garrett thereafter collected $3,000 on the Martin county notes for which he was entitled to judgment.

Since appellee alleged, and the record shows without controversy, that the land was not sold prior to the death of M. L. Garrett, and the only interest that Dora Jones, his daughter, claimed therein was under and by virtue of a deed executed by M. L. Garrett in 1926, which, under the provisions of his will, was to be delivered after his death as a part of her interest in his estate, appellee, under the most favorable construction of said pleading, was not entitled to a moneyed judgment for his alleged interest in said land. His only interest in said 244 acres of land under said pleadings would be a recovery of the land, burdened with the $6,000 which M. L. Garrett had paid during his lifetime. If the notes held by M. L. Garrett against the Martin county land in fact belonged to W. T. Garrett, and M. L. Garrett collected same, W. T. Garrett had a claim therefor against the estate of M. L. Garrett, deceased, unless said estate had been closed and divided among the respective legatees and heirs. If said estate has been closed and so distributed, then appellee would be entitled to a judgment against the respective heirs or legatees under the will for their proportionate part of the debt to the property received. Perry National Bank v. Norwood (Tex. Civ. App.) 22 S.W.(2d) 1100.

We think the judgment is fundamentally erroneous, in that it is only a judgment in rem against the property owned by M. L. Garrett at the time of his death, making the 244 acres primarily liable therefor and making all other property which M. L. Garrett owned at the time of his death secondarily liable therefor. In our opinion there is neither pleading nor a jury finding that would sustain or support the judgment as rendered.

The judgment of the trial court is reversed, and the cause remanded.