## W. T. Garrett v. J. M. Garrett et al.

No. 6298.  Decided January 23, 1935.
(78 S. W., 2d Series, 157.)

*R. W. Cowan, Joe Campbell* and *George Clark,* all of Waco, for plaintiff in error.

Article 3716 of Revised Statutes does not extend by judicial construction so as to apply to individuals not specifically named therein, and since devisees and donees are not mentioned therein, said statute has no application, regarding the admission of evidence in suit against them. Wootters v. Hale, 83 Texas, 563, 19 S. W., 134; Luna v. Johnston, 11 S. W. (2d) 350; First State Bank & Trust Co. v. Walker, 187 S. W., 727; Cook v. Baker, 45 S. W. (2d) 161; King v. King's Unknown Heirs, 34 S. W. (2d) 804.

On proposition that property did not pass to trustee in bankruptcy. U. S. Code Ann., Title 11, par. 110; Luttgen v. Tiffany, 93 Atl., 182; Hull v. Farmers Loan & Tr. Co, 245 U. S., 312; Larkin v. Berry, 37 Fed. (2d) 304.

*Collins & Martin,* of Hillsboro, and *Bryan & Maxwell,* of Waco, for defendants in error.

Bankrupt's title in land passed to trustee in bankruptcy, and cannot be recovered by him after his discharge from bankruptcy on claim that land was held in trust for him by third party. Raley v. D. Sullivan & Co. (Com. App.), 207 S. W., 906; First Natl. Bank of Jacksboro v. Lasater, 196 U. S., 115, 49 L. Ed., 408; R. S., 1925, Art. 2003.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of McLennan County, Texas, by W. T. Garrett against J. M. Garrett and Charles A. Garrett in their individual capacities and also in their capacities as independent executors of the will and estate of M. L. Garrett, deceased, and also against Mrs. Sallie Lou Garrett Batson, Mrs. Dora Garrett Jones and Mrs. C. E. Garrett Ullrich. C. L. Batson, Thad Jones and A. B. Ullrich, the respective hubands of Mrs. Batson, Mrs. Jones and Mrs. Ullrich are made parties pro forma.

W. T. Garrett's petition in the district court is very long and complicated. It seeks to impress a trust on 244 acres of land

in Limestone County, Texas, to the extent of a certain amount of money and if the 244 acres fails to sell for enough to make said sum of money it seeks to subject the other properties belonging to the estate of M. L. Garrett, deceased, to the payment of such sum. The case was tried in the district court with a jury where it was submitted on special issues. Based on the answers of the jury to the issues submitted the trial court entered a judgment for W. T. Garrett. The judgment in so far as pertinent to this opinion decrees as follows:

"It is therefore further ordered, adjudged, and decreed by the Court that the Clerk of this Court do issue an order of sale directed to the Sheriff or any Constable of Limestone County, Texas, commanding him to seize and sell the 244-1/6 acres of land, and the interest of the said Dora A. Garrett Jones therein and thereto, to be sold as under execution, and that he apply the proceeds thereof to the payment and satisfaction of the sum of $3,230.00, together with interest thereon from the 28th day of March, A.D. 1928, and the costs of this suit, and if the said land shall sell for more than sufficient to pay off and satisfy said sums of money, then the said officer is hereby directed to pay over the excess to the defendant Dora A. Garrett Jones.

"It is further ordered, adjudged, and decreed by the Court that if the said 244-1/6 acres of land shall not sell for enough to pay off and satisfy this plaintiff's equitable claim for $3,-230.00, with interest thereon at the rate of 6% per annum since the 28th day of March, A.D. 1928, then the Clerk of this Court shall issue a further order or orders of sale directed to the Sheriff or any constable in the county where the land is situated, commanding him to seize and sell any of the property which passed by the will of M. L. Garrett, deceased, a copy of which appears in Vol. 31 at page 323 of the Probate Minutes of McLennan County, Texas, to any of the defendants J. M. Garrett, Charles A. Garrett, Sallie Lou Garrett Batson, Dora A. Garrett Jones, or Mrs. C. E. Garrett Ullrich, sufficient to satisfy any portion of the said equitable claim of this plaintiff for the sum of $3,230.00, with interest aforesaid, and the costs of this suit.

"It is further ordered, adjudged and decreed that if within thirty days after this date, there be paid into the registry of this Court for this plaintiff, the sum of $3,230.00, with interest thereon at the rate of 6% per annum from the 28th day of March, A.D. 1928, and costs of court, no order of sale shall be issued in this cause."

J. M. Garrett and the other defendants in the district court appealed to the Court of Civil Appeals. On final hearing in

that court the judgment of the district court was reversed and the cause remanded for a new trial. 49 S. W. (2d) 920. The case is before this court on writ of error granted on application of W. T. Garrett.

As already stated W. T. Garrett's petition is rather long and very complicated. We have found it very difficult to make a statement of its contents compressed within a reasonable space. We will do our best, however, to make a comprehensive condensed statement of such petition.

It is alleged that in the year 1912, W. T. Garrett borrowed from M. L. Garrett $1,200.00, for which notes were executed. In 1913 W. T. Garrett pledged and delivered to M. L. Garrett four notes owned by W. T. Garrett for $578.75 each, secured by a second lien on 154 acres of land in Hill County, Texas. These four notes were transferred by W. T. Garrett to M. L. Garrett merely as security for the $1,200.00 owed by W. T. Garrett to M. L. Garrett.

In 1913 W. T. Garrett borrowed from M. L. Garrett the further sum of $800.00, for which notes were also executed. In 1914 W. T. Garrett transferred to M. L. Garrett as security for the $800.00 six notes totaling $1,400.00. These notes were secured by a lien of 50 acres of land in Hill County, Texas.

It appears that when the above two sets of notes were transferred by W. T. Garrett to M. L. Garrett, it was orally understood between them that such transfers were made only to secure the indebtednesses of W. T. Garrett to M. L. Garrett above mentioned. It was also orally understood that the proceeds of such notes or any properties they should be traded for should be used to pay the above indebtedness, and after such payment such notes and any property they were traded for should belong to W. T. Garrett. It is alleged that it was also orally agreed that in the event such notes and their proceeds and any property that should be traded for should fail to bring enough to pay what W. T. Garrett owed M. L. Garrett, then W. T. Garrett should pay M. L. Garrett the difference. It is also alleged that M. L. Garrett accepted the legal title to such notes under the above agreements and conditions.

The petition then alleges that in 1912, W. T. Garrett borrowed from M. L. Garrett the sum of $6,750.00. It is then alleged that M. L. Garrett secured $1,250.00 of this money from Mrs. W. T. Tolbert, and another $1,250.00 from one R. L. Tolbert, and that W. T. Garrett executed three notes for $1,250.00, $1,250.00 and $4.250.00, respectively, payable to Mrs. W. T. Tolbert, R. L. Tolbert and M. L. Garrett, respectively. It

is alleged that W. T. Garrett used the above $6,750.00 in purchasing Lots 1 to 10 in Block 9, in the town of Clifton, Bosque County, Texas, with a mill and elevator situated thereon. It is alleged that W. T. Garrett gave a deed of trust on the above Clifton property, including the mill and elevator and on 440 acres of land in Martin County, Texas, to secure the above three notes aggregating $6,750.00.

The petition further alleges that on March 13, 1914, W. T. Garrett was adjudged a bankrupt in the U. S. District Court for the Western District of Texas, and after such event he made an oral offer to M. L. Garrett that if he, M. L. Garrett, would purchase the mill and elevator property in Clifton, Bosque County, Texas, and the 440 acres of land in Martin County, Texas, from the trustee in bankruptcy that they, W. T. Garrett and M. L. Garrett, would work together and dispose of such properties and apply the proceeds to the payment of the above $6,750.00 in notes, with interest, and if said property should not bring enough to pay such notes and interest W. T. Garrett would pay to M. L. Garrett the difference, and if such properties should bring more than the notes and interest the excess should belong to W. T. Garrett.

The petition then alleges that M. L. Garrett accepted the above oral offer in regard to the Clifton and Martin County properties and in pursuance thereof purchased from the trustee in bankruptcy such properties, and the sale was approved by the bankruptcy court on October 6, 1915. It is alleged that the deed was made to Mrs. W. T. Tolbert, R. L. Tolbert and M. L. Garrett. It is then alleged that the oral agreement between M. L. Garrett and W. T. Garrett with reference to these properties was renewed after the purchase thereof from the trustee.

The petition then alleges that the 154 acres of land in Hill County, Texas, was conveyed by the owner to M. L. Garrett in satisfaction of the four $578.75 notes against it. This deed was dated October 9, 1915. In this connection the petition also alleges that when M. L. Garrett took over this 154 acres of land he agreed with W. T. Garrett to hold such land under the same trust agreement as existed between them with reference to the notes against it so cancelled.

The petition then alleges that sometime in the year 1916 the maker of the $1,400.00 in notes against the 50 acres of land was unable to discharge the unpaid portion thereof and agreed to reconvey said 50 acres of land in discharge of said notes, "and a trade was negotiated by the terms of which an exchange of property was effected, and 100 acres of land situated in Free-

stone County was conveyed by written deed of conveyance to J. M. Garrett, the son of M. L. Garrett, in satisfaction of the unpaid portion of the notes aforesaid, and the vendor's lien against the 50 acres above described, and this plaintiff shows to the Court that as a part of the consideration for the transfer of the said 100 acres of land situated in Freestone County to the said J. M. Garrett, who in fact held the same for the benefit of his father, M. L. Garrett, it was agreed by the said M. L. Garrett, and joined in by the said J. M. Garrett, that the said property would be held in trust, and when the $800.00 note above set forth, with interest thereon, was discharged, if any amount remained from the proceeds of the said property, the same should be property of this plaintiff.

"WHEREFORE, the plaintiff shows that whereas the legal title to the property securing the notes in question was deeded to M. L. Garrett and J. M. Garrett, that nevertheless the said title to the said property was impressed in their hands with a trust, for the benefit of W. T. Garrett, for any amount in excess of the principal and interest of the notes totaling $2,000.00, executed by W. T. Garrett to M. L. Garrett, which might be realized through sale or trade of the property through the mutual efforts of M. L. and W. T. Garrett."

The petition then alleges:

—6—

"The plaintiff further alleges that subsequent to the time of the receipt of the deeds as aforesaid, and the delivery of the notes above mentioned, that he and the said M. L. Garrett re-affirmed their agreement that the said M. L. Garrett was to hold the property in trust, and it was offered by this plaintiff that the said M. L. Garrett should hold all of the property in trust to secure all of the money that had been advanced by the said M. L. Garrett to this plaintiff, and if upon the disposition of the said property there remained any money either of principal or interest due and unpaid, this plaintiff offered and agreed to pay the same, if said M. L. Garrett should hold the said property in trust as above set forth, and deliver over to this plaintiff any surplus above the said principal and interest, and this plaintiff shows to the Court that this offer was accepted by M. L. Garrett, and both this plaintiff and the said M. L. Garrett immediately began to seek purchasers for said property held under the trust agreement. This plaintiff alleges the fact to be that M. L. Garrett at no time during the course of negotiations which was necessary in trading and disposing of the property in question, repudiated his trust agreement, but

the plaintiff and the said M. L. Garrett worked together in perfect harmony, and they were constantly engaged in a course of partnership trading from the time the first trust agreement was entered into until 1926, and each time a piece of trust property was disposed of or traded for other property, that the same would be taken under the same agreement, and with the same understanding that it was later to be disposed of and the proceeds used and applied in accord with the trust agreement.

—7—

"This plaintiff shows to the Court that upon each sale of the trust property, all money realized therefrom and all notes, were delivered into the hands of and taken in the name of M. L. Garrett, and in each transaction where other property was received in trade, the said property was taken in the name of M. L. Garrett, or in the name of whomsoever he designated, and the money and notes received as aforesaid was applied in discharging this plaintiff's loans, and the property traded for was accepted in trust; that this course of negotiation continued until about January 18th, 1926, at which time a certain 100 acres of land situated in Freestone County, Texas, which constituted a part of the trust property, and which stood in the name of J. M. Garrett, son of M. L. Garrett, and one of the defendants in this cause, was sold, and with this sale it was recognized and understood by M. L. Garrett and this plaintiff that all of the interest and principal of the loans hereinbefore set out, were finally discharged, satisfied, and paid, and it was recognized and understood and agreed between M. L. Garrett and this plaintiff, that any other trust property held by M. L. Garrett after this transaction, was the property of this plaintiff, and the equitable title belonged to this plaintiff absolutely.

—8—

"That at the time of the above transaction, the said M. L. Garrett held as trust property, 244 acres of land situated in Limestone County, known as the Hicks farm, the same 244 acres of land which is given to Dora A. Garrett Jones by deed mentioned in the said M. L. Garrett's will, and it is shown to the Court that the 244 acres of land was acquired in exchange for 320 acres of the 440 acres purchased by M. L. Garrett through the Bankrupt Court, and taken in trust by him as aforesaid. It is shown to the Court that after the transaction aforesaid, on or about the 18th day of January, 1926, it was recognized and understood that the said 244 acres of land in question con-

stituted trust property, and that this plaintiff had an equitable interest therein, and it was further recognized, understood, and agreed by the said M. L. Garrett and this plaintiff, that at the time this property was disposed of, there would be an accounting between the said M. L. Garrett and this plaintiff, and from the proceeds of the sale of the said property, this plaintiff would be compensated to the extent of his equities under the trust agreement hereinbefore set forth; and in this connection it is shown to the court that at the time the 244 acres of land in question was acquired, there was an outstanding first lien on the said property in the amount of $6,000.00, which said sum was paid off and discharged by the said M. L. Garrett, and it was recognized, understood, and agreed by the said M. L. Garrett and this plaintiff, that this plaintiff's equitable interest in the property in question over and above the $6,000.00, was absolute, and it was contemplated, understood and. agreed by the parties that at the time the said property should be disposed of, the said M. L. Garrett and this plaintiff should have a formal accounting, and that this plaintiff's papers, notes, deeds, and all other private instruments, the property of this plaintiff, should be turned over to him, and that at that time if there remained any sums of money due to this plaintiff in excess of the difference of $6,000.00 and the value of the 244 acres of land in question, that the same should be paid to and delivered into the possession of this plaintiff; and in this connection it is shown to this Honorable Court that at the time the 244 acres of land in question was acquired through the efforts of this plaintiff and M. L. Garrett, that as a part of the consideration for the 320 acres of property in question the grantees of the said 320 acres executed and delivered to M. L. Garrett, ten vendor's lien notes secured by a vendor's lien on the 320 acres in question, four of said notes being for the sum of $250.00 each, due and payable January 1, 1922, 1923, 1924 and 1925, respectively, and six of the said notes for the sum of $400.00 each, due and payable on January 1, 1926, 1927, 1928, 1929, 1930 and 1931, respectively; and it is further shown to this Honorable Court that those said notes have now been paid off and discharged, and that there was an excess of $3,000.00 which this plaintiff is entitled to recover, and under the agreement of these parties, this plaintiff has an equitable interest in the 244 acres of property, superior to the claims of all other parties, to the extent of the value of the said property in the excess of $6,000.00, and the $3,000.00 aforesaid; and this plaintiff further alleges and shows that M. L. Garrett, at no time,

denied that this plaintiff was the equitable owner of an interest in the property as aforesaid, but at all times recognized and assured this plaintiff that all of the loans, principal and interest, were satisfied, and that immediately upon the property being disposed of advantageously, the proceeds would be proportionately distributed between M. L. Garrett and this plaintiff; and in this connection it is shown to the court that the said M. L. Garrett, with the agreement of this plaintiff, at all times took the rents and revenues on the property in question."

The petition then alleges the death of M. L. Garrett on March 28, 1928, and the probate of his will on June 20, 1928, and that by the terms of such will the 244 acres of land in question was bequeathed to Mrs. Jones. The petition then alleges that on the two dates just mentioned this 244 acres was of the market value of $50.00 per acre and that at such time M. L. Garrett's interest therein was worth $6,200.00 plus the sum of $3,000.00 already mentioned. The petition then alleges that the legal title to said land is in Mrs. Jones, yet she holds the same in trust for W. T. Garrett to the extent of the sum of $9,200.00 with interest from June 20, 1928.

The petition then alleges:

—10—

"This plaintiff would further show to the Court that the real property in general, has materially decreased and declined in value since the 20th day of June, A.D. 1928, and if it should develop upon the trial of this cause that the 244 acres of property has declined in value to such an extent that the same is not now worth the sum of $9,200.00 with interest thereon at the rate of 6% since June 20th, A.D. 1928, then it is shown to this Honorable Court that the defendants herein are possessed of property which they received under the will of M. L. Garrett, for description of which reference is here made to the probate records of McLennan County, Texas, which is more than equal to the sum aforesaid, and if it should develop on the trial of this suit that the said property in question has come into the hands of innocent parties, or if it should develop upon the trial of this cause that the property in question is insufficient to secure to this plaintiff the sum of $9,200.00, with interest at the rate of 6% since June 20th, 1928, this plaintiff would show to the Court that the said property held by the defendants is impressed by operation of law, with a trust, to secure this plaintiff's rights, according to the specific and direct trust agreement entered into as aforesaid by M. L. Garrett and this plaintiff, the terms of which have been fully

executed by this plaintiff, and to secure this plaintiff in his rights, which have vested by operation of law."

The prayer reads as follows:

"WHEREFORE, the defendants having answered herein, this plaintiff prays that upon a final hearing herein, that this plaintiff be given judgment against the defendant Dora A. Garrett Jones and her husband, Thad Jones, establishing a trust on the 244 acres of property aforesaid, described and set forth herein, and decreeing that the absolute title to this property be held in trust for the use and benefit of this plaintiff, to the extent of $9,200.00, with interest thereon at the rate of 6% per annum since the 20th day of June, A. D. 1928, and fixing the beneficial interest of this plaintiff in and to the said property, and that this plaintiff have a decree of partition of this Court, setting aside to him a sufficient amount of the said 244 acres in question to equal the value of $9,200.00, with interest as aforesaid; or in the alternative, that this plaintiff have an order of this Court, ordering the property to be sold as under execution, and if the proceeds therefrom are insufficient to pay this plaintiff the sum aforesaid, that this plaintiff have judgment fixing and establishing a trust as a matter of law, upon all of the property in the hands of all of the defendants, which they received under the will of their father, to secure this plaintiff's interest in the property aforesaid; and in the alternative, if it develops upon the trial of this cause that the 244 acres of property in question has come into the hands of innocent parties, then this plaintiff prays the Court that the trust agreement as hereinbefore set out, be declared, and established, and that the Court enter a decree fixing and establishing a trust as a matter of law, in all of the property in the hands of all of the defendants which they received under the will of their father, to secure this plaintiff's interest as aforesaid, in the property aforesaid, and that the plaintiff have a decree of partition, setting aside to him a sufficient amount of the property to equal in value his equitable interest in the 244 acres aforesaid, and for such other and further relief, both general and special, to which this plaintiff may be justly entitled, either in law or in equity, including all costs of Court, and for which as in duty bound, he will ever pray."

■■ After a careful examination of the above petition we have reached the conclusion that, if it is sufficient to allege a parol trust at all, it is only sufficient to allege such trust against the 244 acres of land in Limestone County, Texas. The petition certainly alleges no facts which operate to fix a charge on the

entire estate of M. L. Garrett, deceased. Furthermore the jury found that M. L. Garrett never repudiated the alleged trusts during his lifetime. M. L. Garrett's will bequeathed this 244 acres by special bequest to Mrs. Jones, and bequeathed other properties in the same way to the other children. After the probate of M. L. Garrett's will this 244 acres of land became the property of Mrs. Jones, subject only to any trust estate W. T. Garrett may have had therein. Mrs. Jones was therefore the person to honor such trust. Taken as a whole we are unable to conceive of any theory by which W. T. Garrett's petition can be held to allege a parol trust any further than this 244 acres of land, and that only as the trust existed at the time of M. L. Garrett's death.

■ It appears that W. T. Garrett was permitted to testify as a witness to transactions had between him and M. L. Garrett, deceased, during the lifetime of the latter. The Court of Civil Appeals holds that M. L. Garrett was disqualified as a witness regarding such matters under Art. 3716, R. C. S., 1925. Mrs. Jones holds and claims this property as a legatee. The statute mentioned therefore has not application as against her. Newton v. Newton, 77 Tex, 508, 14 S. W., 157; Lassiter v. Douche (Com. App.), 14 S. W. (2d) 802.

■■ The title of a bankrupt to any property which is not except from forced sale, even though not scheduled as an asset by the bankrupt, passes to the trustee in bankruptcy, and the bankrupt, after he is discharged, cannot recover on a claim for non-exempt property held in trust for him by another which he has failed to schedule in the bankruptcy proceedings, and which was unknown to the trustee in bankruptcy. Raley v. D. Sullivan & Co. (Com. App.), 207 S. W., 906; First National Bank of Jacksboro v. Lasater, 196 U. S., 115, 49 L. Ed., 408. In this connection it is held that a trustee in bankruptcy is not bound to accept property of an onerous or unprofitable character, and if the trustee declines to take the property of a bankrupt, the bankrupt can thereafter assert title thereto. This rule has no application however in instances where the trustee is ignorant of the existence of the property, and is given no opportunity to make an election. First National Bank v. Lasater, supra.

It appears on the face of W. T. Garrett's petition that he was adjudged a bankrupt about March 13, 1914. It also appears that at that very time M. L. Garrett was holding the notes against the 154 acres of land and the notes against the 50 acres under either a lien or a trust agreement. If W. T. Garrett had

any property rights therein same passed to the trustee in bankruptcy. The petition contains no allegation which would show a right in W. T. Garrett to re-assert title thereto after his discharge. In this connection it is not shown that such notes were scheduled, or that the trustee in bankruptcy had any knowledge thereof, or was ever given any opportunity to accept or reject them.

The judgment of the Court of Civil Appeals which reverses the judgment of the district court and remands this cause for a new trial is affirmed, but at another trial the district court will observe this opinion.

Opinion adopted by the Supreme Court January 23, 1935.