### BURKETT v. SLAUSON.

#### No. 4753.

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1950.

Rehearing Denied Oct. 26, 1950.

506

Ernest Guinn, El Paso, for appellants.

Cunningham & Ward and H. P. Talley, all of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of El Paso County, 41st Judicial District, ordering the probate of a purported will of Kah Burkett, Deceased, sometimes known as Kah Burkett Grubbs.

Billive Slauson, named as Independent Executor and beneficiary of a purported will, filed application for the probate of same in the County Court. A contest was there filed by Omar H. Burkett on behalf of himself and his brothers and sisters; the ground of the contest was lack of testamentary capacity and undue influence alleged to have been exercised by the proponent. The contest was sustained and the proponent perfected an appeal to the District Court. There the case was tried de novo before a jury and on the verdict rendered a judgment was entered by the court ordering the probate of the will.

On the trial in the district court the charge submitted the issues of testamentary capacity and undue influence. No exceptions appear in the transcript to the manner of submission of the case. The jury found in favor of proponent on all issues and from the judgment entered on the verdict the contestants have appealed. Two points of error are relied upon for reversal; First, misconduct of the jury in the course of their consideration of the case in discussing and relating personal experiences as to the effect on the mind of the taking of a drug demerol (a pain easing drug) and morphine; Second, the findings were contrary to the great weight of the evidence.

The issue of mental capacity was the main issue in the case. There was evidence to support the contention of

proponent that testatrix was possessed of mental capacity to execute the will and the contestants introduced evidence tending to show that the testatrix lacked the mental capacity requisite to the execution of the will—in short, the issue was one for the determination of the jury. It is deemed unnecessary to review the evidence in detail. The point urging the verdict is against the great weight of evidence is without merit and is overruled.

A brief general discussion of the evidence and the issues arising is deemed appropriate. The will first gave a legacy to Florence Deane in the sum of $1,000.00 and certain household furnishings; second, a set of silverware, two barrels of glassware, two Chinese rugs, a bookcase, a table lamp were given to her niece, Lena Bentley Hayes; third, a thousand dollars in cash, certain personal property of the general nature of household furnishings to Helen Fielding Lopez; fourth, an oil painting to Martha Uceny; fifth, to Juanita Jackson, her niece, three large oil paintings. The residue of the estate was given to the proponent of the will. Recited as among the assets were lots numbered 1953 and 1954 in Tract No. 6170 in Woodland Hills, California, an automobile, oil paintings, household furniture and furnishings, jewelry, clothing and personal effects and cash on hand in the bank. Proponent was appointed independent executrix of the will and it was directed that no bond or security be required of her to act in such capacity. Florence Deane had been a nurse in attendance on the testatrix during her last illness; Lena Bentley Hayes was her niece; Helen Fielding Lopez a friend; Martha Uceny a friend; Juanita Jackson her niece. Proponent of the will was not an acquaintance of long standing, but was a practical nurse and served testatrix in that capacity during her somewhat prolonged illness.

The will in question was executed July 10, 1949, testatrix died July 22, 1949. The testatrix at the time of the execution of the will and for several months prior thereto was suffering from cancer. In order to alleviate the intense pain and agony attendant on this affliction, under the direction of her physician she was given morphine and a pain relieving drug called demerol. The effect of these drugs on her mental capacity was the real issue in the case, the contestants contending that by reason of the administration of these drugs she was deprived of the capacity to make a will. The evidence on this point was in sharp conflict. The demerol did tend to impair and confuse the mental faculties or cause them to fail to function properly. It is without dispute that prior to the making of the will and at the time the will was made this drug had been administered to her and that her system was to an extent under the influence thereof at the time of making this will in question. In any event there was testimony to this effect.

During the discussion of the issue as to her possession of mental capacity to make a will one of the jurors stated in substance and effect that his father in law had suffered from cancer and had been given morphine and demerol and that it did not affect his mental capacity.

There can be no doubt that this statement was improper. It bore on a material issue in the case, it was not verified by oath, and the contestants did not have the opportunity to cross-examine the declarant.

The rule of law governing the trial court in passing on the motion for a new trial and binding on this court in disposing of this appeal is set forth in Texas Rule of Civil Procedure No. 327, which is as follows: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury

probably resulted to the complaining party."

The occurrence of the misconduct is a question of fact. If the trial court finds on sufficient evidence the same did not occur such finding is final. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. If the misconduct did occur the effect thereof is a question of law under the Rule above quoted. City of Houston v. Quinones, supra. In determining these issues it is mandatory that the elements prescribed in said rule be considered.

Under the evidence there was a clear and well-defined issue as to the mental capacity of the testatrix. There was evidence sufficient to have sustained a finding that she had not the mental capacity requisite to make the will, evidence that such mental incapacity was produced by reason of the administration of pain relieving drugs. On the other hand, there was evidence that at the time of executing the will testatrix was possessed of the requisite mental capacity.

On the motion for a new trial it was shown that the jury were admonished by the foreman not to consider the objectionable statement made by juror Westfall. There is a slight disagreement in the testimony when the jury were so admonished by the foreman; so as to the statement made by another juror as to his personal experiences with reference to marihuana and morphine. The evidence taken on the hearing of the motion for a new trial tended strongly to show a conscientious effort on the part of the jury to obey the instructions of the court. The court instructed the jury as follows: "At all times in your deliberations carefully confine yourselves to the directions given by the court and the evidence admitted on the trial hereof. Carefully refrain from either considering or discussing other matters." This direction was read to the jury by the trial judge. In the course of their deliberations it was shown that the directions of the trial court were read to the jury several times.

The evidence taken in the motion for a new trial indicates that juror Westfall and the other jurors did not resent the admonition of the foreman but acquiesced therein and heeded same. Had the statement made by the juror been inadvertently admitted in the trial of the case, striking same out or the instruction not to consider same would, we think, cure the error. The admonition of the foreman, fortified as it was by the court's charge probably rendered this communication harmless. If improper matters are mentioned in the jury room the action of jurors in calling attention to and rebuking such misconduct ordinarily renders same harmless. Bradley v. Texas & Pacific R. Co., Tex.Com.App., 1 S.W.2d 861; People's Ice Co. v. Glenn, Tex.Civ.App., 8 S.W.2d 735, loc. cit. 741; Mecom v. De Blanc, Tex.Civ.App., 140 S. W.2d 915; Sproles Motor Freight Line, Inc. v. Long, 140 Tex. 494, 168 S.W.2d 642, 643. While cases might be multiplied along the same general lines as those cited above, it is true none of the same present exactly the same character of misconduct as here shown. However, it is thought that if an admonition by the juror would cure improper discussion of insurance and attorneys fees it would relieve the harmful effect of a juror making an improper relation of his personal experiences.

The burden was upon contestants to show that probably injury resulted from the established misconduct. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. Taking the whole record into consideration and especially the admonition of the foreman and other jurors at the time or shortly after the objectionable statements made by the two jurors, we are constrained to hold that same does not establish as a matter of law injury probably resulted to the contestants. There is no reversible error shown by the record. It is therefore ordered that the judgment of the trial court be in all things affirmed.