**ESTEP et al. v. ESTEP et al.**

No. 9944.

Court of Civil Appeals of Texas.
Austin.

Feb: 28, 1951.

Senterfitt, Crump & Jameson, San Saba, for appellants.

R. E. Gray, San Saba, Newman & Mc-Collum, Brady, for appellees.

GRAY, Justice.

Appellant, a minor acting by and through his guardian, filed this suit in the form of trespass to try title and for partition, to recover an undivided interest in real estate.

Appellant's claim is founded on, and is to be determined by, the following facts: On February 17, 1901, Mrs. Linnie Alice Estep, then the wife of appellee J. D. Estep, Sr., died intestate, and the real property here involved was community property of that marriage. The said Linnie Alice Estep left surviving her, her husband, J. D. Estep, and four children: (1) Mary Alice Estep, a daughter, then fourteen years of age; (2) Ida Moline Estep, a daughter, then twelve years of age; (3) Raymond New Estep, a son, then six years of age; and (4) Leslie Estep, an infant son, who died July 25, 1901. Appellee J. D. Estep, Sr., qualified as community survivor on January 23, 1902, and the inventory filed by him listed as community property the following real estate: "Lots 5 and 8 Block 20 OT S.S., North one half Lot 6 Blk. 20 O.T.San Saba; North one half Lot 3 Blk. 20 O.T.San Saba; Part of Lot 2 Blk. 20 O.T.San Saba; Block 14 Old Town."

The abbreviations "OT S.S." and "O.T. San Saba" used in inventorying this property mean Old Town Addition to the town of San Saba.

On May 14, 1910, Mary Alice Estep died intestate, without issue and without ever having married. Ida Moline Estep married Thomas Meador. To this marriage there were born two children: one child who died in infancy, and appellee Frank Meador. Ida Moline Meador died on August 19, 1916, and left as her only surviving heir appellee Frank Meador. Raymond New Estep died testate on March 11, 1947, and by his will devised and bequeathed all of his property to his son, Bertrand Scott Estep, the appellant. This will has been duly probated. Raymond New Estep left surviving him appellant, another son J. D. Estep, Jr., one of the appellees, and an adopted daughter, now Mrs. Virgil W. Hill, who is not a party to this cause.

By deed dated May 1, 1911, J. D. Estep, Sr., conveyed the east one-third of Block 14, supra, to Ida Moline Estep, which property was conveyed by Frank Meador to J. D. Estep, Sr., by deed dated September 7, 1932.

On October 18, 1924, Raymond New Estep, sometimes designated as R. N. Estep and Raymond N. Estep, executed and delivered to J. D. Estep, Sr., the following release:

"No. 240–Community Estate
"J. D. Estep and deceased wife,
"Linnie Alice Estep

"San Saba, Texas, Oct. 18th, 1924. "Whereas on the 23rd day of Jany 1902 J. D. Estep qualified as survivor of the community estate of himself and deceased wife and executed bond with W. H. Gregg and F. H. Long as sureties, which bond is recorded in Volume 5, page 555, probate records in County Clerks Office of San Saba County, Texas, and whereas said J. D. Estep has heretofore paid me, R. N. Estep in full all my part of said estate and for all my interest therein.

"Now, therefore, I, R. N. Estep, one of the children of said J. D. Estep and Linnie Alice Estep deceased hereby acknowledge that said J. D. Estep has fully paid me for all my interest in said estate and this instrument is here now executed by me in full payment and satisfaction of all interest I have or ever had in said community estate and I here now release and discharge said J. E. Estep and sureties from further liability thereon. .

"Witness my hand at San Saba, Texas

"Raymond Estep.

"The State of Texas
"County of San Saba

"Before me, Arch Woods, County Clerk in and for said County and State on this day personally appeared Raymond Estep known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this the 8th day of October, A.D. 1924.

"Arch Woods, County Clerk in
and for San Saba County, Texas."

On November 7, 1944, Raymond New Estep filed a voluntary petition in bankruptcy, and in the schedules filed by him in that proceeding he did not list any real property or interest therein as owned or claimed by him. On April 16, 1945, a discharge in bankruptcy was granted on this petition.

On October 6, 1945, J. D. Estep, Sr., conveyed the east one-third of Block 14 and Lots 5, 6, and 8 of Block 20, Old Town Addition to the town of San Saba, to Raymond New Estep for life, with remainder in fee to J. D. Estep, Jr., and Frank Meador.

Upon a non-jury trial, judgment was rendered that appellant take nothing.

The trial court filed findings of fact and conclusions of law, and the facts as stated, supra, are consistent with the facts as found by him.

Appellant's first and third points complain that the trial court erred in holding the release dated October 18, 1924, and the deed dated October 6, 1945, both supra, constituted a settlement for the interest of Raymond New Estep in his mother's estate. And by point two that the trial court erred in not rendering judgment for him for the interest in the community property that Raymond New Estep inherited from Leslie Estep and Mary Alice Estep, both deceased. Our disposition of point two will dispose of points one and three.

Appellees offered in evidence the proceedings in bankruptcy for the purpose of defeating any title that Raymond New Estep had in any of the property. There is no dispute of the facts as so shown and no claim is made that any of the property here involved was exempt from forced sale. In Garrett v. Garrett, 124 Tex. 330, 78 S.W.2d 157, 161, the court said: "The title of a bankrupt to any property which is not exempt from forced sale, even though not scheduled as an asset by the bankrupt, passes to the trustee in bankruptcy, and the bankrupt, after he is discharged, cannot recover on a claim for nonexempt property held in trust for him by another which he has failed to schedule in the bankruptcy proceedings, and which was unknown to the trustee in bankruptcy. Raley v. D. Sullivan & Co. (Tex.Com.App.) 207 S.W. 906; First National Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S. Ct. 206, 49 L.Ed. 408." Also, Duvall .v. Eck, Tex.Civ.App., 226 S.W.2d 650.

We, therefore, conclude that any interest that Raymond New Estep had in the property here involved prior to the deed from J. D. Estep, Sr., dated October 6, 1945, passed to the trustee in bankruptcy,

and for which reason appellant has no valid claim thereto.

Appellant's fourth, and final, point is to the effect that the deed of October 6, 1945, can not be construed as a deed of settlement of the interest of Raymond New Estep in said property because in any event that deed was a deed of gift from J. D. Estep, Sr.

It is not necessary for us to here determine whether this deed was only a gift of the property therein described or was delivered and accepted in settlement of the interest that Raymond New Estep then owned in the community property, supra. Such interest, in any event, could be no more than the interest inherited by him as an heir of Linnie Alice Estep, Leslie Estep and Mary Alice Estep. Such inherited interest (disregarding the release of October 24, 1924, supra) having passed to the trustee in bankruptcy, Raymond New Estep had no interest, on October 6, 1945, in the property involved here.

The judgment of the trial court is affirmed.

Affirmed.