## BURKETT et al. v. SLAUSON.

### No. 4902.

Court of Civil Appeals of Texas. El Paso.
Nov. 12, 1952.

Rehearing Denied Nov. 26, 1952.
Second Motion for Rehearing Denied
Jan. 14, 1953.

. PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of El Paso County, Texas, 41st Judicial District. In 'the District Court it was an appeal 'from the judgment of the County Court of El Paso County, Texas, denying the application of Billieve Slauson to probate the will of Kah Burkett, Deceased, said will being dated July 10, 1949. The grounds of .the contest were lack of .testamentary capacity and undue influence. The contest was instituted by the legal heirs of Kah Burkett, Deceased. Trial was to the Court with a jury, submission on special issues, and on the verdict returned judgment was entered ordering the will probated.

Omar H. Burkett, in his own behalf and on behalf of his brothers and sisters perfected an appeal from the judgment of the District Court and will be hereinafter referred to as appellant, and the proponent as appellee.

In his brief appellant urges some forty-six points of error. All except one of the points complain either that the court erred in admitting evidence or in excluding evidence. One, however, No. 45, asserts error on account of the improper argument of proponent's counsel. No complaint is made as to the charge; it is not asserted that the verdict was unsupported by the evidence. This is the second appeal in this case. This court on the 'former appeal affirmed a judgment probating the will, 235 S.W.2d 505. The Supreme Court, however, reversed the judgment of the trial court and this court. 237 S.W.2d 253. .

Appellee contends in substance that this court should not consider any of the points of error of appellant because same are unsupported by sufficient assignments of error in the motion for a new trial. In view of this contention there will be set forth in some detail the steps in this trial as reflected by the transcript. .

The judgment appealed from was rendered on the 19th day of December, 1951. An amended motion for a new trial was filed on May 2, 1952. There had been an extension of the term to dispose of the motion. The amended motion was over-

Samuel K. Wasaff, El Paso, Joe Burkett, San Antonio, G. G. Hazel, Midland, for appellants.

R. E. Cunningham and W. E. Ward, El Paso, for appellee.

ruled on May 2, 1952. In this judgment notice of appeal was given.

The Statement of Facts consists of three volumes. On each volume appears the file mark of the Clerk of the District Court that same was filed on April 30, 1952. It is presumed this referred to the transcript of the testimony, made by the official court reporter. Her certificate to the correctness thereof is appended thereto, dated the 30th day of April, 1952.

At the end of each volume of the Statement of Facts appears an agreement of counsel, dated May 5, 1952, that such statement is true and correct. There is approval by the trial court appended to each volume dated May 5, 1952.

In the asisgnments of error set out in the amended motion for a new trial in at least forty cases there is a reference to the Statement of Facts. It may be the reference was intended to be to the reporter's transcript of the testimony, which later by agreement and order of the court became the Statement of Facts.

Subdivision (c) of Rule 377, Texas R.C. P. provides in part as follows:

"(c) Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form * * *."

It appears the filing of the transcript of testimony on the part of the court reporter before the amended motion was presented and ruled upon by the court was a voluntary and unofficial act.

Rule 322, R.C.P., which relates to new trials, is as follows:

"Grounds of objections couched in general terms—as that the court erred in its charge, in sustaining or overrul-

ing exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court."

Rule 374, R.C.P., relating to assignments of error, provides as follows:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. * * *"

Rule 322 above must be as binding on the trial court as it is on the court of civil appeals. If this court cannot consider the assignment violating the rule it must follow the trial court was justified in refusing to consider assignments failing to conform to the rule.

This appeal is from the order of the trial court overruling appellant's amended motion for a new trial. It must be in determining the correctness of that rule we must look to the record as it existed at the time the trial court made its ruling thereon. There is no evidence that the trial court had notice of the filing of the transcript of testimony. The filing of this transcript of the testimony was certainly without legal authority. The trial judge knew no statement of facts was in existence at the time he overruled the motion. It was certainly the trial court's right and perhaps duty to ignore any references to a non-existent statement of facts.

The first two assignments of error in the amended motion for a new trial are as follows:

"No. 1: Error of the court in overruling the objection of contestants to the introduction of the will dated April 17, 1949, as also the codicil thereto dated April 22, 1949, because such has no bearing on the will which was the subject of the contest.

"No. 2: The error of the court in overruling the objection of contestants to the introduction of the letter

dated April 20, 1949, because such had no bearing on the will which was the subject of the contest."

Two points of error are urged under these two assignments, as follows:

"No. 1: The error of the court in overruling the objection of contestant to the introduction of the will dated April 17, 1949, and the codicil dated April 22, 1949, because such had no bearing on the will which is the subject of the contest.

"No. 2: The error of the court in overruling the objection of contestant to the introduction of the letter dated April 20, 1949, because such had no bearing on the will which was the subject of the contest."

The above two points of error are sought to be presented together. The following seems to have been intended as a statement thereunder, though not denominated as such:

"Proponent offered in evidence a will executed by testatrix April 17, 1949, and the codicil thereto dated April 22, 1949, and the court, over objections of contestant, admitted them into the evidence. We say that this is error because they have no bearing on the will at issue, which was dated July 10, 1949. * * * Proponents offered also over objections of contestant the letter of testatrix dated April 20, 1949. This also was admitted by the court and had no bearing on the issue in this case."

We think there must be eliminated from the first two assignments in the motion the reference to the non-existent statement of facts. They are in substance that the court erred in admitting in evidence a will dated April 17, 1949, with a codicil thereto and a letter dated April 20, 1949. The objection shown in the statement of facts as to the will in substance was because it has no bearing upon any issue in this case. This amounted to no more than an objection that it was irrelevant and immaterial. Even though the objection should have been sustained and the ruling was incor-

rect, no harm to appellant was shown. Stiles v. Giddens, 21 Tex. 783, 784; Missouri, K. & T. R. Co. v. Johnson, Tex.Civ. App., 126 S.W. 672 (wr. ref.). However, the ruling of the court, in our opinion was correct, even though more specific objections had been made. The testimony had some bearing on the issue of mental capacity and undue influence. The objection to the admission of the letter referred to in point of error No. 2 was in substance that it had no bearing on the case. Harmful error is not presented in overruling the objection as made to the letter. Texas Law of Evidence, McCormick & Ray, par. 692.

■ Points 3 to 14 inclusive are briefed together. The assignments in the motion for a new trial exhibit the same generality as we have pointed out in one and two. In order for the assignment of error to be intelligible the trial court must have made reference to a non-existent Statement of Facts. We think Rule 322, R.C.P. affords ample justification for the action of the trial court in overruling the assignments. This same rule justifies and requires this court to overrule the assignments. See also Rule 374, R.C.P., and subsection (c) of Rule 418, the latter with reference to a statement required under points. However, we have given careful consideration to points of error 3 to 14 inclusive in the light of the reference made to the statement of facts, and are of the opinion that reversible error is not shown. The evidence was not subject to the objections urged. Texas Law of Evidence, McCormick & Ray, Sections 417–423 and 637.

Points 15 to 19 are submitted together. The same generality appears in the assignments in the motion for new trial supporting the points. The same reference to a non-existent Statement of Facts appears. Assignment 15 complains of the court admitting in evidence proponent's Exhibit 14 over objection of contestants; No. 16 of the court admitting in evidence proponent's Exhibit 18, the shorthand notes of Mrs. Margaret Talley; No. 17 charges the court erred in permitting Mrs. Talley to express an opinion as to the mental condi-

tion of Dr. Burkett; No. 18 the error of the court in permitting on re-direct examination of proponent's witness Margaret Talley to cover matters previously testified to by such witness, over the objections of the contestants; No. 19, error of the court in permitting proponent's counsel to ask other matters repeatedly gone into over the objections of contestants, and the sidebar remarks of counsel for proponents.

Contestants would show unto the court that grounds 15 to 19 inclusive are more fully stated in the bills of exception incorporated into the statement of facts. The assignments of error intrinsically show that the court properly overruled same under Rule 322 in each case. We have carefully gone over same in the light of objections urged in the statement of facts and the transcript of testimony, and no error is presented thereby.

Points of error 20 to 25 are presented together. These are, if not the same, practically the same as the assignments of error of the same numbers presented in the amended motion for new trial. In the motion assignment No. 20 is the error of the court in sustaining proponent's objection to the testimony of Sarah Poole, a witness for contestant, as also the objections to the question asked by attorney for contestants with reference to Dr. Burkett being under the influence of narcotics while at the hospital; No. 21 the error of the court in permitting attorney for the proponent to ask argumentative questions of Ruth Thames, a witness for the contestants, and to argue with said witness over objections of contestants' counsel; No. 22 error of the court in permitting counsel for proponents to argue with the witness Ruth Thames over the objection of counsel for contestants; No. 23, error of the court in admitting into evidence proponent's Exhibit 41 over objection of contestants; No. 24, error of the court in excluding contestants' Exhibit C–8, which was a record of Dr. Burkett's illness; No. 25, the error of the court in not permitting counsel for contestant on re-direct examination to develop testimony brought out on cross examination by proponent while Ruth Thames

was on the witness stand. Most of these assignments of error intrinsically evidence the correctness of the trial court's ruling as to same under Rule 322. However, we have carefully considered same in the light of objections shown by the statement of facts, and had the points been properly made same would not present reversible error.

The 20th assignment in the motion for new trial is as follows:

"The error of the court in sustaining proponent's objections to the testimony of Rosa Poole, a witness for contestants, as also the objections to the question as asked by attorney for contestants with reference to Dr. Burkett being under the influence of narcotics while at the hospital."

In this assignment reference is made to the non-existent statement of facts. Point of error No. 20 is the same as the assignment in the motion for new trial. The statement relating to this point of error is as follows:

"Rosa Poole, a witness for the contestants, was a nurse, and counsel for contestant was bringing out by her that the testatrix was under the influence of narcotics while at the hospital, and the court sustained proponent's objection to such testimony, and we say it is error."

Reference is made to Statement of Facts, Part I, pages 191–192. A reference to page 192, Part I, Statement of Facts, shows that the witness was asked the following question:

"Now, then, from what you saw and observed, would you say that she was under the influence of narcotics?"

Proponents objected to the question, the court overruled the objection, the witness answered the question "yes". There is no merit in either the assignment or the point. Same is in all things overruled. Appellant was permitted to ask the question and to proceed with the examination. The limiting of cross-examination of witness Ruth Thames as complained of in point 21 presents no error. The record does not bear out point of error No. 23. We are unable to find where Exhibit 41 was intro-

duced in evidence. Point of error 24 complaining of the exclusion of contestants' Exhibit C–8 during the examination of Ruth Thames is without merit. The record shows that this exhibit was admitted. No reversible error is presented by point No. 25.

■ Points 26 to 37 are briefed together. These points are substantially the same as assignments of error in the motion for new trial. Each of these assignments refers to a non-existent statement of facts, and the trial court in ruling on the motion for a new trial was authorized, and perhaps it was his duty, not to consider the reference made therein to the statement of facts. The assignments of error in a motion for a new trial, the points of error considered in connection with the statements thereunder fail to disclose error. This court is not required to search the statement of facts to disclose error, even though reference be made in the statement under the points of error to the statement of facts. R.C.P. 418(c); Wiseman v. Robbins, Tex.Civ.App., 230 S. W.2d 371. We have considered the reference to the statement of facts and are of the opinion the rulings of the trial court with reference to matters complained of by the appellant are correct.

■ Points 39 and 40 are submitted together. The same insufficiency as to the assignment of error in the motion for a new trial and in the point and statement thereunder inhere in this complaint. However, we shall consider the point. It is asserted that Florence Deane, being a beneficiary under the will of testatrix, was incompetent to testify as to transactions with the deceased. It is to be borne in mind this is a will contest. Her incompetency was asserted under Article 3716. Miss Deane was not a party to the suit, but was merely a legatee, hence Art. 3716 did not apply to her. See Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Pugh v. Turner, 145 Tex. 292, 197 S. W.2d 822, 172 A.L.R. 707; Garrett v. Garrett, 124 Tex. 330, 78 S.W.2d 157 (opinion adopted by Supreme Court). Point of error No. 41 is as follows:

"The error of the court in permitting the witness Billieve Slauson, witness for proponent and the main beneficiary of the will of Dr. Burkett to testify to transactions with deceased, particularly the charts such witness kept of the illness of Dr. Burkett, all of such testimony over the objection of contestants." (S.F. part I, p. 203).

The assignment of error in the motion for new trial is exactly the same as the point of error. Appellee in his counterpoint contends that the statement as made under point 41 by appellant is incorrect. Now referring to the statement of facts at page 203, the cited page, purporting to bear out the statement, we find that while proponent Billieve Slauson was asked the following question:

"After her death you say you kept the charts. Is that correct? A. Yes, sir."

Mr. Wasaff, of counsel for appellant, objected as follows:

"Objected to for the same reason, if your honor pleases.

"The Court: Well, that objection will be overruled."

"Mr. Wasaff: Exception".

What exclusive rule was sought to be invoked does not appear on page 203 of the statement of facts. Now on page 201 the following question was asked the witness:

"Now Mrs. Slauson, how long a period of time did you nurse her?"

and Mr. Wasaff's objection as made was sustained on the ground that she was incompetent to testify under Art. 3716. Mrs. Slauson never testified over the objection of appellants to have made the charts, nor did she testify to any transaction with the deceased. Her testimony as complained of seems to have referred to matters transpiring after the death of Dr. Burkett. A matter transpiring after the death of the testatrix cannot constitute a transaction with the testatrix. Texas Law of Evidence, McCormick & Ray, p. 236, par. 155; See Olschewske v. Priester, Tex.Com.App., 276 S.W. 647. It is perhaps true that where one named as an executor in a will seeks to testify to transactions with deceased in a will contest that the witness comes under the ban of Art. 3716. Leahy v. Timon, 110 Tex. 73, 215 S.W. 951; McKibban v. Scott, 131

Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421. This is not because the witness may be a beneficiary in the will, but because he is named as executor. The point of error does not raise the point that Mrs. Slauson is a party to the suit seeking to be appointed executor, and hence comes under the ban. This is perhaps technical, and our overruling the point of error is not based thereon, but is based on the fact that she was not allowed to testify to any transactions with the deceased. The charts in question, it seems, had been identified by other witnesses and were introduced in evidence by contestants. She was questioned only as to her physical custody thereof after the death of testatrix.

In regard to point 41 the writer desires to state that this is the only point of error that is deemed to be briefed with any regard to the rules of briefing. Throughout this entire brief the only two authorities cited are Art. 3716, R.S.1925, and an article in the Texas Law Review.

█ Point 42: Proponent's Exhibit P/B was a will made by testatrix in 1943. Clearly this was not inadmissible. It is elementary, we take it, that this point is insufficient. In any event, the testimony was admissible under the liberal rules in a will contest. It tended to show her state of feeling toward contestants and a state existing for some time. Barton v. Bailey, Tex.Civ. App., 202 S.W.2d 277 (writ refused).

█ Points 43 and 44 are briefed together. They inherently show that it was sought to impeach the witness on an immaterial matter, furthermore they are not briefed in such a manner as to entitle them to consideration.

Point 45: This bill of exception is on improper argument of counsel and we believe it is not well taken. The point intrinsically evidences that it should be overruled. It is not briefed in such a manner as to entitle it to consideration.

█ Point 46 is that when the jury retired to consider their verdict and returned for further information, the trial court should have given it to them, as shown in this bill of exceptions. The inherent defect intrinsically appears in the point of error. No statement appears thereunder.

We have perhaps labored the points sought to be raised by appellants' brief too much. In the brief only two authorities are cited—as stated before, Art. 3716, and 19th Texas Law Review, 111.

It is ordered that the judgment of the trial court be in all things affirmed.