**R. N. STRIPLING and Wife, Winfrey Leak Stripling, Appellants,**

v.

**Louis HIGGINBOTHAM, Appellee.**

No. 3934.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Jan. 25, 1962.

Duke Taylor, Center, for appellants.

Wardlow Lane, Center, for appellee.

WILSON, Justice.

The court instructed a verdict for defendant in this trespass to try title case on

the ground that title was outstanding in a third person, a trustee in bankruptcy. Plaintiff says the evidence does not show an outstanding title such as to warrant peremptory action.

The evidence shows that in 1932 the land was conveyed to plaintiff's wife as named grantee, but was actually community property of plaintiff and his wife. Plaintiff "had some reversals" and did not record the deed until over a year later. All the remaining testimony on the issue is as follows: "Q. May the 5th is the date of the deed, and it was filed for recording a little over a year later, July the 17th (1933). Now during that time you had filed your petition in bankruptcy, and on July the 27th you was declared a bankrupt. That was in 1933? That right? A. I don't remember. I think so. Q. That's about right isn't it? And so at that time you didn't claim this as part of your homestead, did you? A. No sir. Q. And you didn't file with the trustee in bankruptcy, claiming it ought to be exempt, because it was your homestead? A. No sir. Q. Because it wasn't your homestead, was it? A. No. Q. And you probably—you didn't list it among your assets did you? A. I don't remember."

Although the premise is of some doubt, we will assume, without deciding, that this evidence conclusively established for purposes of the motion for instructed verdict (a) that plaintiff filed a voluntary petition in bankruptcy in a court having jurisdiction, after delivery of the deed; (b) that after the deed was filed he was adjudged a bankrupt; (c) the land was not exempt, and no exemption was claimed. It may not plausibly be said, we think, that any other fact relating to bankruptcy was so established. No such proceedings were offered in evidence, and there is no showing that a trustee was appointed or qualified. Any inferences or deductions as to the existence, scope or nature of any such proceedings, or as to whether a schedule was filed, and as to whether this property was inventoried, must be gleaned from the quoted testimony.

Appellee, in support of the instructed verdict, relies on First Nat. Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408; Garrett v. Garrett, 124 Tex. 330, 78 S.W.2d 157; Raley v. D. Sullivan & Co., Tex.Com.App., 207 S.W. 906; Perkins v. Alexander, Tex.Civ.App., 209 S.W. 789, no rehearing; and Estep v. Estep, Tex. Civ.App., 237 S.W.2d 647, no rehearing. In these cases, except Perkins v. Alexander, the record established that there was a trustee in bankruptcy and the trustee was ignorant of existence of an unscheduled asset; and it was held that such property passed to the trustee, precluding recovery thereof by the bankrupt after discharge. Before the Lasater decision by the United States Supreme Court, the Supreme Court of Texas had held to the contrary, Lasater v. First Nat. Bank, 96 Tex. 345, 72 S.W. 1057; Herndon v. Davenport, 75 Tex. 462, 12 S.W. 1111; Jones v. Pyron, 57 Tex. 43, 47, where the property was undisposed of at time of discharge or termination of proceedings. In Perkins v. Alexander it was said the burden was upon one claiming property in such situation to show the trustee had refused, or elected not to claim it; but in holding the rule inapplicable the court said, 209 S.W. 791: "The facts on the issue * * * fail to disclose many essential facts necessary to dispose of the point. * * * It is not shown when he was adjudged a bankrupt, when he was discharged, whether the trustee knew or ought to have known of the claim omitted from the schedule, * * * and various other facts which might have determined the issue." There are other decisions which do not assist in the search for clarity.

In Danciger v. Smith, 116 Tex. 269, 289 S.W. 679, affirmed 276 U.S. 542, 48 S.Ct. 344, 72 L.Ed. 691, Smith filed a voluntary petition and was adjudged a bankrupt. No trustee was appointed, because he scheduled no assets. The record established that Smith concealed existence of the property involved in the suit by failing to mention it in his schedule of assets. The Texas Supreme Court held that since no trustee was

**50**

appointed, the bankrupt was not divested of title. This holding was affirmed by the United States Supreme Court.

In each of the other cases relied on by appellee to support the instructed verdict there was a clear showing that the bankrupt had concealed or failed to disclose the asset in controversy by failing to schedule it. See 111 A.L.R. 838–846. Although appellee contends there is a presumption here that a trustee was appointed and qualified, there is no evidence authorizing the court to determine as an undisputed fact that appellant failed to schedule the asset except his answer, "I don't remember." We do not believe the additional presumption that the property was unscheduled is to be indulged so as to authorize peremptory judgment. Perkins v. Alexander, above. Reversed and remanded.